## FOSTER et al. v. COMMERCIAL STANDARD INS. CO. OF FORT WORTH, TEX.

No. 2209.

Circuit Court of Appeals, Tenth Circuit.

June 23, 1941.

John M. Wall, of Sedan, Kan., and W. L. Cunningham and D. Arthur Walker, both of Arkansas City, Kan. (J. W. Dalton, of Sedan, Kan., and Wm. E. Cunningham, of Arkansas City, Kan., on the brief), for appellants.

Howard T. Fleeson, of Wichita, Kan. (C. H. Brooks, Carl G. Tebbe, and Wayne Coulson, all of Wichita, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The Commercial Standard Insurance Company of Fort Worth, Texas, filed an action in the District Court of the United States for the District of Kansas seeking a declaratory judgment to determine its liability under a contract of insurance issued to J. W. Foster. The court found there was no liability under its policy. Judgment was rendered for plaintiff, from which defendants have appealed.

Foster was a contract carrier and in that connection was operating a number of trucks in his business, under a contract carrier's permit issued to him by the Kansas Corporation Commission.

On Sunday evening, March 19, 1939, Foster, accompanied by his wife, his mother-in-law, Mrs. Beachler, and his children, drove in the truck in question from his home in Cedarvale, Kansas, to Mrs. Beachler's home, some five or six blocks away, for the purpose of returning her to her home after a visit at his place. At the time the truck was not being used in connection with Foster's business as a contract carrier, and had not been so used that day. On arriving at the home of his mother-in-law, Foster parked the truck in front of her house. While it was parked there, a car driven by defendant Donohue ran into the rear end of the parked truck, resulting in serious injuries to its occupants, under such circumstances that the injured parties claimed Foster was liable.

The sole question presented for consideration is whether under these circumstances plaintiff may be held liable, by virtue of the insurance on the truck, for the damages resulting from this collision.

Section 66-1,128, General Statutes of Kansas for 1935, provides: "No certificate or license shall be issued by the public service commission to any 'public motor carrier of property,' 'public motor carrier of passengers,' 'contract motor carrier of property or passengers' or 'private motor carrier of property,' until and after such applicant shall have filed with, and the same has been approved by, the public service commission, a liability insurance policy in some insurance company or association authorized to transact business in this state, in such reasonable sum as the commission may deem necessary to adequately protect the interests of the public with due regard to the number of persons and amount of property involved, which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to property resulting *from the negligent operation of such carrier.*" (Italics supplied.)

To make effective the provisions of the law, the Corporation Commission was granted power to make rules and regulations effectuating the purposes of the act. The pertinent portions of Rule 24 adopted by the Corporation Commission provide that:

"1. There shall be attached after the effective date of this rule, to all public liability and property damage insurance policies filed with and approved by the Commission, pursuant to the requirements of the Motor Carrier Act, the following endorsement, to-wit:

\* \* \*

"It is understood and agreed that the policy to which this endorsement is attached is written in pursuance of and such policy shall fulfill the insurance requirements of Section 66-1,128, General Stat-

utes of Kansas 1935, or as may be hereafter amended, and the rules and regulations of the State Corporation Commission adopted thereunder with respect to liability for injuries to persons (except employees of the assured injured in the course of their employment) and for damage to property (except cargo).

\* \* \*

"Nothing contained in the policy or any endorsement thereon, nor the violation of any of the provisions thereof by the assured, shall relieve the company from liability thereunder."

■ The effect of Rule 24 was to make the statutory liability of the insurer the coverage of the policy, irrespective of any restrictions written into the policy.

The policy issued by plaintiff had attached to it the rider required by Rule 24 of the Commission. The insuring clause insured Foster against loss resulting from claims for damages caused directly from the use of the trucks for the operations described in Statement 5. Statement 5 of the policy provided: "The Automobile or Vehicles described are and will be used only for Transportation of merchandise purposes and will be operated as follows: Principally over the route authorized by the Kansas Corporation Commission and including the State of Oklahoma, *and this insurance covers for no other use or operation.*" (Italics supplied.)

Translated into ordinary language, the agreement of plaintiff was that it would indemnify Foster against all damage caused others while his trucks were being operated as a contract carrier over the route authorized by the Kansas Corporation Commission, limited only by the principal amount of the policy. Plaintiff did not agree in the policy to insure Foster against loss incurred while the trucks were being operated otherwise than as a contract carrier over the route authorized by the Corporation Commission. In fact, such loss was expressly excluded by the policy. And unless coverage resulting from the operation of a truck otherwise than as a carrier is required by the statute, plaintiff cannot be held liable therefor.

The Supreme Court of Kansas, in the recent case of Smith v. Republic Underwriters of Waco, Texas, 152 Kan. 305, 103 P.2d 858, 860, considered the liability created by the statute and by Rule 24 of the Corporation Commission. It said:

"Having given consideration to the commercial operations provided for in the certificate or permit—and therein specifically set out—the company issues a policy covering vehicles engaged in such operations. *It does not insure vehicles otherwise engaged—that is, which are being used for commercial, personal or social purposes outside the operations covered by the permit. Or, as the endorsement has it, the policy covers vehicles being operated 'pursuant to the permit.' Accordingly, in determining whether there was insurance coverage, a material question was whether the vehicle, at the time of the accident, was being operated under or pursuant to the permit.*" (Italics supplied.)

Defendants argue that the effect of the rider required by the Corporation Commission was to make plaintiff liable under the policy for damage resulting while the truck was operated for pleasure, notwithstanding that such loss was expressly excluded from coverage. They construe that part of the rider stating that no violation of any of the provisions of the policy by the insured should relieve the company from liability thereunder to mean that the company would be liable for any damage suffered by the insured, whether resulting while the truck was being operated in his business of a contract carrier or outside of such business.

■ The only power the Corporation Commission has is to adopt rules that will effectuate the statute. It may not adopt any regulation changing the statutory liability. Dunn v. Jones, 143 Kan. 218, 53 P.2d 918. No doubt the Legislature could have required as a prerequisite to the issuance of a permit that the applicant therefor file an indemnity policy protecting the public against all loss resulting from the operation of the truck, whether operated in the business of a contract carrier or for pleasure, or otherwise. But this it did not do. Smith v. Republic Underwriters of Waco, Texas, supra.

■ Nor do we agree that the rider lends itself to the construction contended for by defendants. They ignore the word "thereunder." The prohibition of the rider is that violation of any of the terms of the policy by the insured shall not release the company from liability thereunder—that is, liability assumed by the company in the policy. For instance, the policy no doubt provided that failure of the insured to give

timely notice of an accident should release the company from liability to the insured. In the absence of the proviso in the rider, failure to give such notice would release the company from liability. But under the proviso, it would still be liable to the public for loss resulting from operation of the truck while used in the business of a contract carrier, notwithstanding the failure to give the required notice.

The policy did not include coverage for loss from operations other than those of a contract carrier, nor did the permit require such coverage. The damage admittedly was incurred while the insured was operating the truck for pleasure and outside the coverage of the policy. Plaintiff was not liable to respondent in damages for the loss suffered by defendants while the truck was being operated other than in the business of assured as a common carrier.

Affirmed.