**HAWKEYE CASUALTY CO. v. HALFERTY et al.**

No. 12288.

Circuit Court of Appeals, Eighth Circuit.

Oct. 29, 1942.

Rehearing Denied Nov. 14, 1942.

Writ of Certiorari Denied Feb. 1, 1943.

See 63 S.Ct. 533, 87 L.Ed. ——.

B. L. Kaufmann, of St. Joseph, Mo. (R. E. Culver, Ben Phillip, and Francis Smith, all of St. Joseph, Mo., on the brief), for appellant.

R. H. Musser, of Holden, Mo., for appellees Carl Halferty and J. B. Halferty, doing business as Halferty Brothers.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is a declaratory judgment action, the decision of which turns upon the interpretation of a policy of casualty insurance issued by the appellant to the appellees Carl and J. B. Halferty, partners operating as common carriers of freight by motor truck in the State of Missouri and between points in Missouri and adjoining states.

As common carriers in both interstate and intrastate commerce, the appellees held the required certificate of public convenience and necessity of the Public Service Commission of Missouri and the permit of the Interstate Commerce Commission, and the policy of insurance in question was conditioned as provided by the laws of Missouri (Mo.Rev.Stat. (1939) § 5729, p. 1422, Mo.R.S.A. § 5729), and by the laws of the United States (Motor Carrier Act of 1935, 49 U.S.C.A. § 315). Inasmuch as the accident which gives rise to this litigation occurred in an operation wholly intrastate, we are concerned here only with the provisions included within the policy by the command of the State of Missouri.

The applicable statute of the State of Missouri requires that no certificate of public convenience and necessity shall be issued by the Public Service Commission to any common carrier by motor vehicle until the carrier shall have filed with the Commission a liability insurance policy approved by the Commission, "* * * in such sum and upon such conditions as the commission may deem necessary to adequately protect the interests of the public in the use of the public highways and with due regard to the number of persons and amount of property transported, which liability insurance shall bind the obligors thereunder to make compensation for injuries to persons and loss of or damage to

WOODROUGH, Circuit Judge, dissenting.

property resulting from the negligent operation 'of such motor carrier * * *." Mo.Rev.Stat. (1939) § 5729, p. 1422, Mo. R.S.A. § 5729.

On November 29, 1940, the Halfertys applied in writing to the appellant for the policy of insurance involved in this case. The application was accepted and the policy delivered, dated December 2, 1940, to become effective on December 16, 1940, and on the date last mentioned it was filed with and approved by the Missouri Public Service Commission.

In the written application for the insurance the appellees stated that they were operating ten motor trucks under authority as common carriers, hauling livestock and general merchandise in the vicinity of Plattsburg, Missouri, and within a radius of fifty miles from that point. It was further stated in the application that the policy requested was required to be filed in the State of Missouri, and that the special endorsement required by that state must be attached as a part of the policy. Insurance was requested .to cover the liability of the assured, arising from the operation of their trucks, for bodily injuries, property damage, and damage to cargo carried. On the reverse side of the application appeared a list and description of the trucks on which insurance was desired and a notation that the policy should be endorsed to cover merchandise owned by the assured.

Printed at the top of the policy issued were the words "Standard Automobile Policy All Coverage Form." The policy form used provided spaces in the body of the policy for all coverages with the stipulation that "The insurance afforded is only with· respect to such and so many of the following coverages as are indicated by a specific premium charge or charges set opposite thereto." The coverages for which premiums were stated and charged in the policy were only those specified in the application. On the face of the policy appeared the statement that the motor vehicles insured were to be used for commercial purposes. The term "commercial" was defined as "the transportation or delivery of goods or merchandise and other business uses in direct connection with the assured's business occupation, * * * including occasional pleasure use for the named insured and family." The policy concluded with the provision "This policy is issued and accepted subject to the conditions, limitations, agreements, and warranties set forth herein and endorsed hereon."

Attached to the policy form used were fifteen endorsements or riders. Many of these endorsements covered matters of no relevance here, such as the transfer of insurance from trucks originally owned by the assured to other trucks bought to replace them. The endorsements of importance in the decision of this case are two; one entitled "Missouri Public Service Endorsement (Intrastate)", and another entitled "Exclusion on Commercial Trucks." The first endorsement, so far as important here, provided: "In consideration of the premium stated in the policy to which this endorsement is attached, the Company hereby· waives a description of the motor vehicles insured hereunder and agrees to pay any final judgment rendered against the assured, for personal injuries, including death resulting therefrom, to all persons, except employees of the assured engaged in the course of their employment and/or damage to property, except property owned by, leased, hireᴜ or in the custody and control of the assured caused by any and all motor vehicles operated by the assured pursuant to the Certificate of Convenience and Necessity issued by the Public Service Commission of Missouri within the limits set forth in the schedule hereon * * *." And the second: "* * * This policy does not cover any claim or suit brought by any person for injuries or death if said injuries or death were sustained while riding in or upon any vehicle covered under this policy. The above exclusion of coverage does not apply to the owner, or his agent, of goods or merchandise, who is riding in or upon the vehicle insured hereunder at the time his goods or merchandise are being transported." Both of the above endorsements were executed by the appellant prior to the date of the policy and each contained a provision that it should take effect as of the date of the policy and expire with the expiration of the policy.

Stamped on the face of the policy, and upon the endorsement entitled "Exclusion on Commercial Trucks", were the following words: "The Missouri Public Service Commission endorsement, which is the top endorsement attached to this policy, takes precedence over any provision of or other endorsement attached to this policy."

Under Missouri law pertaining to common carriers by motor vehicle, carriers so operating are required to file with the Pub-

lic Service Commission schedules of rates and charges made by them for the services which they are authorized to perform, and the certificate of public convenience and necessity specifies the route over which the holder of a certificate is permitted to operate. In this case the appellees were granted the right to operate over an irregular route between points in the State of Missouri. They complied with the law with reference to the filing of rates and charges.

Among the vehicles insured was a Chevrolet truck of 1½ tons capacity. The appellees, under contract with a neighboring farmer, furnished this truck and a driver to the farmer for hauling sargo from points on the farm to silos on the farm. This hauling required the occasional use of the truck on county roads adjacent to the farm in getting from one point on the farm to another. After the work in question had been completed and while the policy in question was in effect, the driver was returning from the farm to Plattsburg, Missouri, where the appellees' motor vehicles were kept and from which point they operated as common carriers, when an accident occurred. Riding in the truck as guests of the driver were eighteen or nineteen of the farmer's laborers. Several of them were injured, one fatally. A number of suits were brought in the Missouri courts against the appellees to recover damages for those injured in the accident. The defense of these suits was tendered to the appellant insurance company and declined on the ground that the liability, if any, upon the appellees as a result of the accident, was not one covered by the policy. In order to settle this controversy between the parties, the insurer brought this suit in the district court for a judgment declaring that the policy did not cover the liability of the appellees in the circumstances stated and that the appellant was not obligated nor liable in any way to defend the suits in the state courts nor to pay any judgment that might be rendered in favor of the plaintiffs in them. The appellant contends that at the time of the accident the truck involved was not being operated in the appellees' business as a common carrier; that for this reason the Missouri Public Service Commission endorsement has no application; and that the endorsement covering exclusion on commercial trucks by its terms relieved the appellant from liability. The appellees con-

tend that the policy covers all liability imposed by law upon the appellees as a result of accidents occurring in the operation, use, or ownership of its trucks; that the Missouri Public Service Commission endorsement so provided, and this, whether the trucks were engaged in the business of the appellees as common carriers or otherwise; and that this endorsement, having precedence over all others on the policy, was effective to save the appellees from the limitation of liability expressed in the "Exclusion on Commercial Trucks" endorsement, which, but for the Missouri Public Service Commission endorsement, clearly relieved appellants of liability in this case.

These conflicting contentions present the issue here. The decision of the district court was in favor of the appellees.

■■ We are of the opinion that the appellant's construction of the insurance contract is the only one permissible. It is not denied that the only jurisdiction or power in the Missouri Public Service Commission with reference to the insurance involved here concerns the operation of motor vehicles as common carriers. Parties not engaged in such an operation are not required by the laws of Missouri to carry any insurance. It follows that under Missouri law the parties to the insurance contract were at liberty, so long as not operating as common carriers, to make any contract of insurance they thought proper or to limit the coverage in any contract made as their interests might dictate. Only as to their business as common carriers were the appellees required to take and the appellants to deliver insurance conditioned as required by the Missouri law. Since the jurisdiction of the Public Service Commission over the character of insurance carried by persons operating automobiles in Missouri extended only to the operations of common carriers, it must be assumed that the Commission did not attempt to exercise any power or authority over motor vehicles not being operated as common carriers. No reason appears why a common carrier operating motor vehicles in Missouri might not, after complying with the laws of Missouri in reference to insurance, applicable to its business, carry such other and further insurance as it deemed wise, or necessary to its protection. The endorsement of the Missouri Public Service Commission ap-

plied only to motor vehicles operated in the business of common carriers and was without application in the case of a motor vehicle not so used or operated.

■■ The endorsement in question, by its terms, made the insurer liable to pay any final judgment rendered against the assured for personal injuries or damage to property, with exceptions not pertinent here, "* * * caused by any and all motor vehicles operated by the assured pursuant to the Certificate of Convenience and Necessity issued by the Public Service Commission of Missouri within the limits set forth in the schedule hereon * * *." In common acceptation "pursuant" means "in conformity with or according to." Webster's International Dictionary. And this court has held in construing, under Missouri law, the identical endorsement under consideration here, that the word is to be given the significance stated, saying: "* * * the proper interpretation is, 'pursuant,' in the sense of 'acting or done in consequence' of the permit of convenience and necessity, and in the prosecution of the business authorized therein." Trinity Universal Insurance Company v. Cunningham, 8 Cir., 107 F.2d 857, 861. In this opinion it is said: "It is clear that under these statutes the Commission's power to require the carrier to purchase liability insurance as a prerequisite to granting a permit is limited to those vehicles used in the transportation service over which the commission has supervision. The phrase then may be interpreted to exclude from the scope of the coverage those vehicles not under the Commission's supervision."

The Supreme Court of Kansas in Smith v. Republic Underwriters, 152 Kan. 305, 103 P.2d 858, has reached the same result in construing an identical policy endorsement holding that a truck of a Kansas carrier was not covered when at the time of the accident the truck was not being operated pursuant to the state permit issued to its owner as a common carrier. Other cases sustaining this interpretation of the endorsement are: Flythe v. Eastern Carolina Coach Co., 195 N.C. 777, 143 S.E. 865; Foster v. Commercial Standard Ins. Co., 121 F.2d 117; Caines v. Wheeler, 207 Ky. 237, 268 S.W. 1098; Motor Car Indemnity Exchange v. Lilienthal, Tex.Civ. App., 229 S.W. 703. No authorities to the contrary have been cited by the appellees and we have found none.

The trial court found that the operation in which the appellees' truck was engaged at the time of the accident which gives rise to this suit was not of the character covered by the certificate of public convenience and necessity under which the appellees operated as common carriers of freight. But the court attached no significance to this fact. It held that the endorsement of the Missouri Public Service Commission was controlling and interpreted this endorsement to impose on appellant the obligation to defend any suits and pay any judgments against the appellees resulting from any operation or use of its motor vehicles by the appellees, whether or not authorized by the certificate of convenience and necessity.

■ The court's conclusion as to the character of the operation of the appellees' truck at the time of the accident was correct. The truck was not engaged in any operation for which a permit from the state was required. The appellees had not filed with the Public Service Commission any schedule of rates or charges for work of the character in which the truck was engaged at the time of the accident nor were they required to do so. The appellees, in addition to their business as common carriers, regularly engaged in operations not controlled by their certificate of public convenience and necessity as common carriers, and for which they made such charges as they desired or were able to secure. The provision in the Missouri Public Service Commission endorsement, waiving identification of cars insured, is not of the importance given it by the lower court in interpreting that endorsement as applied to the facts in this case. As was pointed out by the Supreme Court of Kansas in Smith v. Republic Underwriters, supra, this provision is a necessary one in policies of insurance covering the operation of the common carrier because of the frequent necessity upon the carrier of making changes in and additions to operating equipment in order to meet its obligations to the public. The effect of this provision was merely to cover any truck of the insured when operated in their business as a common carrier, whether or not specifically described in the policy.

Nor are the words stamped on the policy, giving the Missouri Public Service Commission endorsement precedence over all provisions in the policy, effective to change the interpretations of the policy above ex-

pressed. These words must be interpreted, as the endorsement itself, in the light of the power and authority of the Public Service Commission. So interpreted, they cannot control other provisions of the policy in their application to operations of the assured in no wise connected with their business as common carriers.

Since the truck involved in the accident under consideration was not engaged at the time of the accident as a common carrier of freight under the appellees' certificate of public convenience and necessity, the endorsement of the Missouri Public Service Commission, limited to such operations, has no application in this case. The situation in all respects is as if the appellees were not engaged as common carriers, and as if no such endorsement was contained in the policy. In such circumstances the assured was relieved from liability for damages arising out of the injury to persons riding in one of its trucks by the "Exclusion on Commercial Trucks" endorsement. The parties attached the "Exclusion on Commercial Trucks" endorsement to the policy, for the purpose of relieving the appellant of liability to the appellees for injuries to persons carried on the appellees' trucks, except owners of property or their agents transported by the appellees as common carriers pursuant to the certificate of authority. It is not necessary to decide here whether this exclusion of liability may not be effective even while the truck involved was engaged in a part of appellees' operations as common carriers of freight. It is clear that it does apply where the truck involved in the accident, as here, was not so engaged. Since the appellees applied for insurance as common carriers of freight, having received a certificate to operate as such, neither the parties nor the Public Service Commission contemplated at the time of the issue of the policy the coverage of the liability as carriers of passengers. The risk upon the insurer in covering liability for injuries to passengers is entirely different from that assumed concerning liability for injuries to freight.

For the reasons stated, the judgment of the district court is reversed, and the case is remanded for judgment.

WOODROUGH, Circuit Judge (dissenting).

Only the construction of an insurance policy is involved in this case, but the form construed appears to be the standard form used to provide the public in Missouri with the insurance protection required by the state statute against negligent operations of truckers to whom certificates of public convenience and necessity have been issued. The construction of the policy adopted by the majority limits the insurance company to such a narrow obligation that no recourse against it is left to the public in Missouri for injuries resulting from some of the most common, continuing and omnipresent dangers universally incident to the operations of such truckers. Certainly driving a truck that is empty of merchandise back to its garage at the close of day (which is the instant case) presents a hazard to the public of exactly that character and the declaratory judgment is that there is no insurance. The rational of the decision is that the insurance company has no liability to the public unless at the time of an injury the trucker's motor vehicle involved is moving in the carriage of freight on fixed schedule. The conclusion is not predicated upon any Missouri decision but purports to follow federal decisions and decisions in states other than Missouri. As I can not agree, the importance of the public interest necessitates a brief expression of dissent.

The applicable Missouri statute (Sec. 5729) provides that no certificate of public convenience and necessity shall be issued to any common carrier by motor vehicle in the state until liability insurance is furnished to compensate members of the public for injuries resulting from the negligent operations of the person to whom the certificate is issued, and the policy in suit was applied for and the insurance company issued it to meet the statutory requirement. We have no adequate picture of how the business of common carriers of freight by automotive vehicles is ordinarily carried on in Missouri, or what ordinarily constitutes their operations, but it sufficiently appears that such carriers do not confine the use of all their trucks all of the time to scheduled hauls. The fact that the trucks are useful and used for some other services is a main factor in the competition of the industry with the railroads whose vehicles are confined to their tracks, and doubtless any such restriction of truck uses would be gross economic waste. Under Missouri law, therefore, the carrier's certificate is issued to the truckers without limiting them either as to the number of their trucks or the

manner of using them in the business. Their certificates permit them to own, borrow or lease and make any proper use of trucks. The hauling of freight on certain routes designated for them by the state commission is regulated by requiring fixed tariffs to be posted and followed.

The insurance companies have developed their automobile policies into standard forms and upon the enactment of the above statute the companies and the Missouri Commission were confronted with some difficulty in selecting appropriate wording for an endorsement or rider to be incorporated in the standard forms to provide the insurance required by the Missouri law and at the same time effect reconciliation as complete as possible with the standard form provisions. The provisions of standard forms of automobile insurance (evolved in great prolixity through insurance experience) insure particularly described automobiles, whereas the Missouri law as stated requires an insurance to compensate members of the public injured by negligent operations of persons to whom certificates are issued without regard to the number or description of their vehicles.

To meet the difficulties of composition the rider was started out with the clear cut agreement of the insurance company that it waived a description of the motor vehicles insured. But practically all the standard form provisions were in terms predicated on and related to particularly described automobiles and especially the fundamental matter of premiums was so related. The insurance contract as a whole would not make sense without the use of some clause in the rider to supply a general identification of trucks. As to the operations of the trucks, the insurance company was doubtless fully informed of the truck carrier business in Missouri and its risks and the standard form made ample and fair provision concerning operations, included and excluded. The lack in the contract after waiver of specific description of trucks was of some kind of description of trucks to be covered. To meet the law such description had to be co-extensive with the right of the trucker receiving a certificate to operate any trucks he could use to ad-vantage. Accordingly, compliance with the law and restoration of coherence in the insurance contract was effected by concluding the rider with the insurance company's agreement to pay any final judgment for injuries to all persons "caused by any and all motor vehicles operated by the assured pursuant to the certificate of convenience and necessity issued by the Public Service Commission of Missouri within the limits etc."

It seems clear to me in view of the situation that the reference in the rider to the certificate of necessity and convenience was intended solely as a means of generally describing trucks to be covered, supplying the hiatus in the contract caused by the waiver of specific description of trucks with which the rider began.

Such construction assumes an honest intention of all the parties to comply with the Missouri law and to insure the public against the hazards to which it became subjected by the operations of the truckers to whom the certificate was issued. When such truckers carried on their business in the ordinary way and complied with the regulations prescribed for them by the Commission, their operations were within the contemplation of their certificate and pursuant thereto in a fair and reasonable sense. In order to construe the clause as a limitation of the operations to be insured against it seems to me there would have to be an unjustifiable interpolation to make it read "while being operated."

Whether the insurance companies ought to be chargeable for the injuries to riders picked up by the truckers' drivers is beside the question. Drivers are human and the fellowmen they pick up are included by the words "any person" in the Missouri statute. I do not find, either in the rider or in the policy as a whole, sufficient justification for declaratory judgment by the federal court which leaves the public in Missouri without insurance protection against the ordinary hazards of carriers' operations. The legislative intent appears to me to be directly to the contrary. The decision of the trial court appears to me well reasoned and sound, and I would affirm it.