**PUTTS et al. v. COMMERCIAL STANDARD INS. CO.**

No. 3709.

United States Court of Appeals Tenth Circuit.

Feb. 9, 1949.

W. C. Whatley, of Las Cruces, N. M. (J. D. Weir and W. B. Darden, both of Las Cruces, N. M., on the brief), for appellants.

Carl H. Gilbert, of Santa Fe, N. M. (Wm. W. Gilbert, of Santa Fe, N. M., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is a declaratory judgment action brought by Commercial Standard Insurance Company[1] to have determined its rights, duties, and obligations under a policy of automobile liability insurance.

On July 7, 1947, the Insurance Company issued its policy to A. H. Putts and I. M. Smalley,[2] doing business as the Mimbres Valley Gin Company. Among the vehicles covered by the policy was a 1946 Chevrolet tractor and semi-trailer truck unit[3] owned by the insured. Subject to certain limitations and restrictions, the Insurance Company agreed to pay insured all sums which they should become obligated to pay by reason of liability imposed upon them by law for damages because of bodily injury, including death, and because of injury to or destruction of property, caused by accident arising out of the ownership, maintenance, or use of the motor vehicles described in the policy.

One copy of the policy was enclosed in an envelope properly addressed to the insured and deposited in the United States Post Office at Albuquerque, New Mexico, on the 7th day of July, 1947, with postage duly prepaid thereon. That copy expressly limited the coverage of the policy to the motor vehicles described therein while being operated within 50 miles of Deming, New Mexico. Another copy of the policy was mailed to the State Corporation Commission of New Mexico.[4] The 50-mile limitation on coverage was deleted from that copy and the area of operations limitation in that copy was stated to be the State of New Mexico.

At the time of the issuance of the policy and of the accident hereinafter referred to, Putts was the holder of a permit from the Corporation Commission to operate the

[1] Hereinafter called the Insurance Company.

[2] Hereinafter referred to collectively as the insured.

[3] Hereinafter called the Chevrolet truck.

[4] Hereinafter called the Corporation Commission.

motor vehicles insured under the policy as a contract motor carrier of goods for hire and he held a permit from the Interstate Commerce Commission to operate in interstate commerce, as a contract carrier of goods for hire. He was required to have attached to his policy of insurance the standard form of motor carrier's endorsement prescribed by the Interstate Commerce Commission.

Attached to the copy of the policy deposited with the Corporation Commission was an endorsement which provided that the Insurance Company agreed to pay any final judgment recovered against insured for the bodily injury to or the death of any person, or for loss of or damage to property of others, resulting from the negligent operation, maintenance, or use of motor vehicles under the permit issued by the Corporation Commission to Putts. The premium charged and paid by insured for the policy was substantially less than it would have been had the copy delivered to them not contained the 50-mile operations area limitation on coverage. Attached to a copy of the policy filed with the Interstate Commerce Commission was an endorsement in the form prescribed by that Commission. See 49 CFR 174.1.

On August 7, 1947, while the Chevrolet truck was being operated by an employee of insured, at a point more than fifty miles from Deming, a collision occurred between it and an automobile being driven by Alvin Flannes, accompanied by Estelene Flannes, his wife, and his minor son, Robert Flannes. As a result of such collision, Estelene Flannes and Robert Flannes were killed and Alvin Flannes suffered bodily injuries and damage to his automobile.

At the time of such accident, the Chevrolet truck was en route to Dallas, Texas, for the purpose of transporting merchandise belonging to insured for use in their cotton gin, and it was not being operated under any certificate of public convenience and necessity, any certificate of registration, the permit issued by the Corporation Commission, or the permit issued by the Interstate Commerce Commission.

The instant action was brought against the insured and Alvin Flannes. Flannes filed a cross-action against the insured for personal injuries.

After the instant action was commenced, Flannes, as administrator of the estate of his deceased wife and the estate of his deceased son, filed two suits against the insured in the United States District Court for the District of New Mexico to recover damages for the wrongful death of his wife and son. The insured entered into a compromise with Flannes, as administrator and individually, under which they paid him $25,000 in discharge of their liability for such wrongful deaths and of his claim for personal injuries.

The insured filed an answer in the instant action, in which they sought reimbursement for the $25,000 paid to Flannes and their costs incurred in defending the Flannes actions.

The trial court found that the insured knew at the time the policy was issued that it expressly limited the coverage of the policy to the motor vehicles described therein while being operated within 50 miles of Deming; that they knew the premium charged and paid by them for such insurance was substantially less than it would have been without such limitation on the coverage; that there was an established course of dealing between the Insurance Company and the insured for it to issue, at their request and for an additional premium, insurance coverage for special trips to be made with the motor vehicles covered by the policy, to points in excess of 50 miles from Deming; that it was not uncommon, however, for the insured to operate such motor vehicles beyond the 50-mile limitation without requesting and obtaining special insurance coverage; that no special insurance coverage was obtained for the operation of the Chevrolet truck beyond the 50-mile limitation at the time it was involved in the accident in the instant case; and that at the time the policy was issued to the insured, it was the established custom and practice in the insurance business in the State of New Mexico, where the insured was authorized to act as a common motor carrier under a certificate of public convenience and necessity, or as a contract motor carrier under a permit, issued by the Corporation Commis-

sion, and where the policy issued to the insured contained an operations area limitation on coverage not coextensive with the State of New Mexico, to delete such coverage limitation provision from the duplicate original of the policy filed with the Corporation Commission.

The trial court concluded that the Chevrolet truck, at the time of the accident, was not being operated by the insured as a contract carrier for hire, nor under or pursuant to the permit issued by the Corporation Commission, or the permit issued by the Interstate Commerce Commission; that the rights, duties, and obligations between the Insurance Company and the insured were limited by the terms of the copy of the policy of insurance mailed to the insured; that the accident referred to was not within the coverage of such policy; and that the Insurance Company was not under any obligation to defend the actions brought by Flannes, or to reimburse the insured for any amount paid by them in settlement of such actions.

From a judgment in favor of the Insurance Company, the insured have appealed.

■ We deem it unnecessary to review the evidence and that it is sufficient to say the findings of the trial court find abundant support in the evidence, are not clearly erroneous, and are binding on this court.[5]

■ Section 68-1344, N. M. Stat. Ann. 1941, requires a motor carrier, before engaging in operations upon the highways of New Mexico under any certificate of public convenience and necessity, or any motor carrier permit, issued by the Corporation Commission, to file with the Corporation Commission a policy of insurance conditioned to pay "all losses and damage proximately caused by or resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others * * *."

49 CFR 174.1 makes substantially the same requirements as to motor vehicles operated in interstate commerce under certificates or permits issued by the Interstate Commerce Commission.

Had the Chevrolet truck been operating under either the permit issued by the Corporation Commission or the permit issued by the Interstate Commerce Commission at the time of the accident, the area of operations limitation would not have applied to a claim asserted against the Insurance Company by Flannes.

But, the Chevrolet truck at the time of the accident was being operated as a private carrier and not under either the permit issued by the Corporation Commission or the permit issued by the Interstate Commerce Commission, and the Chevrolet truck was not within the coverage of the policy by virtue of the endorsement filed with the Corporation Commission or the endorsement filed with the Interstate Commerce Commission.

A policy filed in accordance with the requirements of § 68-1344, supra, or 174.1, supra, does not cover a vehicle not being operated under a certificate or permit issued by the Corporation Commission or by the Interstate Commerce Commission.[6]

Since the Chevrolet truck was not being operated under either permit at the time of the accident, the provisions of the endorsements attached to the copy filed with the Corporation Commission do not affect the operations area limitation on coverage in the policy delivered to the insured.

It follows that the liability of the Insurance Company to the insured is measured by the provisions of the copy of the policy mailed to the insured. The operation of the Chevrolet truck at the time of the accident was not within the coverage of that policy.

The judgment is affirmed.

[5] McElroy v. Pegg, 10 Cir., 167 F.2d 668, 670; Payne v. Pray, 10 Cir., 173 F.2d 149.

[6] Foster v. Commercial Standard Ins. Co., 10 Cir., 121 F.2d 117, 119; Hawkeye Casualty Co. v. Halferty, 8 Cir., 131 F.2d 294, 298; Smith v. Republic Underwriters of Waco, Tex., 152 Kan. 305, 103 P.2d 858, 860; Commercial Standard Ins. Co. v. Robertson, 6 Cir., 159 F. 2d 405, 408, 409.