No. 32,603

GORDON DUNN et al., *Appellants*, v. C. H. JONES et al., *Appellees*.

(57 P. 2d 16)

Opinion denying a rehearing filed May 9, 1936. (For original opinion of reversal see *ante*, p. 218, 53 P. 2d 918.)

*E. R. Sloan, W. Glenn Hamilton, F. A. Sloan* and *Eldon R. Sloan*, all of Topeka, for the appellants.

*T. M. Lillard, O. B. Eidson* and *Philip H. Lewis*, all of Topeka, for the appellees; *Benjamin F. Hegler, George Siefkin, George B. Powers*, all of Wichita, and *Douglas Hudson*, of Fort Scott, of counsel.

The opinion of the court was delivered by

BURCH, C. J.: Because of the method adopted in framing the original opinion, it seems the rock-bottom basis of the decision has not been clearly apprehended.

After stating the facts the court said we must look to the statute to ascertain what kind of insurance policy a motor carrier must furnish. The court then identified the controlling statute and copied it.

In its interpretation of the statute the court considered the provisions of the statute in the order in which they occur, and discussed the name of the policy first. What should have been done was to make it clear in the beginning, as was done later, that the legislature, in effect, wrote the policy in the statute.

The concern of the legislature was not protection to the negligent motor carrier, but to a member of the public who is injured, and compensation to him must be assured, just as if the policy ran to

the state of Kansas for the benefit of persons run down on the highway by a motor carrier.

Whatever such a policy may be called, and whether or not old and previously interpreted forms of policy may be used or adapted, the statutory kind of policy must be furnished or the motor carrier must keep off the highway.

Having made this clear, the opinion might have discussed the proper label to be attached to that kind of policy. As demonstrated in the opinion, in this state the name "liability policy" is appropriate.

Whether the legislature was wise or unwise in prescribing the kind of policy which it did prescribe is of no concern to the court, and no repetition of approval by the public service commission of any other kind of policy can change the law.

The petition for rehearing is denied.