**COMMERCIAL STANDARD INS. CO. OF FORT WORTH v. FOSTER et al.**

**No. 1157.**

District Court, D. Kansas.

Feb. 26, 1940.

Howard T. Fleeson and Wayne Coulson, both of Wichita, Kan., for plaintiff.

Cunningham, Walker & Cunningham, of Arkansas City, Kan., and John M. Wall, of Sedan, Kan., for defendants.

HOPKINS, District Judge.

This is a suit for a declaratory judgment. Plaintiff insurance company issued a policy of liability insurance to the defendant J. W. Foster covering Foster's operations as a contract carrier of property, as that term is defined in the Kansas statutes. The insurance company seeks to learn by this proceeding whether it can be held liable for injury to a member of the public resulting from alleged negligence of the insured while operating a vehicle, covered by the policy, other than in the course of the insured's business as a contract carrier. Facts pertinent to a consideration of the question, concerning which there appears to be no dispute, are as follows:

One Sunday evening, defendant Foster, accompanied by his wife, three children, sister, and mother-in-law, drove a Ford truck, described in the policy, some five or six blocks from his home in the town of Cedar Vale to that of his mother-in-law, the purpose being to return his mother-in-law to her home. No merchandise was being transported and none had been transported that day. The truck at times previously had been used by Foster for the transportation of livestock and other merchandise. While the truck was parked in front of the home of Foster's mother-in-law, the defendant Donahue, driving a Ford automobile, drove into the rear end thereof, the collision resulting in injuries and one death.

Three separate suits by the several defendants seeking damages for personal injuries and wrongful death, are pending in the state courts of Kansas.

Plaintiff's right to proceed under the declaratory judgment act, Jud.Code, § 274d, 28 U.S.C.A. § 400, stands challenged by the defendant. The authorities, however, definitely support plaintiff's right to a determination of its liability by a proceeding for a declaratory judgment. It is true that not only that question but the ultimate question of Foster's negligence can be determined in the state suits. But, all the injured persons are parties here, the pleadings present a controversy as to coverage of the policy, and it is within the discretionary power of this Court to hold jurisdiction and determine the question. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 325 (distinguished Rydstrom v. Massachusetts Acc. Co., D.C., 25 F.Supp. 359); Ohio Casualty Ins. Co. v. Gordon, 10 Cir., 95 F.2d 605; Maryland Casualty Co. v. Consumers Finance, 3 Cir., 101 F.2d 514; American Automobile Ins. v. Freundt, 7 Cir., 103 F.2d 613; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Central Surety & Ins. Corp. v. Caswell, 5 Cir., 91 F.2d 607.

As to the coverage of the policy: There can be no question but that the Foster truck involved in the accident was covered by the policy. The particular truck, apparently, was described in the policy, but in any event, the Corporation Commission endorsement attached to the policy extended the coverage to "all motor vehicles operated or used by the assured pursuant to the certificate, permit or license issued by the Corporation Commission."

The real question is then, Does the use of the truck at the time of the accident for pleasure or personal convenience, relieve the insurance company from liability?

The policy was written pursuant to requirements of the Kansas statute. The statute provides that no license shall be issued to any carrier until such applicant shall have filed a liability insurance policy in a sum deemed adequate, "which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to

property resulting from the negligent operation of such carrier." G.S. 66-1, 128.

Interpolating pertinent statements of the insured into the insuring clause, the contract of insurance reads: "Commercial Standard Insurance Company * * * does hereby insure the assured * * * against direct loss or expense resulting from claims upon assured for damages directly resulting from or caused by reason of the ownership or maintenance of the vehicles described * * * and directly resulting from the use thereof for the operations described—(transportation of merchandise, and for no other use or operation),—in direct connection with the assured's occupation (trucking, livestock and farm prod.) to an amount not exceeding the limit stated, etc."

The policy is made subject to the further condition that it does not cover loss arising from any use of the vehicle for any operation other than specified,—"transportation of merchandise. Principally over the route authorized by the Kansas Corporation Commission. * * *"

■ The policy and the statute, quoted above, form the insurance contract. In Fisher v. Central Surety & Ins. Co., 149 Kan. 38, 86 P.2d 583, 589, the Kansas court said: "We must look to the pleadings and the statute * * * for the integrated insurance contract. Our statutes * * * are written into the policy." See, also, Dunn v. Jones, 143 Kan. 218, 53 P.2d 918; Id., 143 Kan. 771, 57 P.2d 16.

■ The question presented can be quickly disposed of. It is clear that the policy as worded does not purport to protect against injury resulting from operation of a vehicle by the carrier other than in the transportation of merchandise. The statute requires a policy covering injury to person or property "resulting from negligent operation of such a carrier." When Foster took the members of his family into the truck and drove some few blocks to the home of his mother-in-law and parked the truck in front of her home, he was not engaged in an operation as a carrier, and there was no coverage. See Farm Bureau Mutual Ins. Co. v. Daniel, 4 Cir., 104 F.2d 477.

■ It may be that it is not consistent with good public policy to require that a truck used in the transportation of merchandise be covered by insurance while engaged in such transportation, and, at the same time, leave the owner of the vehicle free to operate the vehicle for pleasure or personal convenience without insurance coverage. But, as said by the Kansas Supreme Court in the Jones case, 143 Kan. 771, 57 P.2d 16, "Whether the Legislature was wise or unwise in prescribing the kind of policy which it did prescribe is of no concern to the court."

■ By the addition of a word or two to the statute it could have been worded to require that vehicles operated by a licensed carrier have insurance coverage irrespective of the nature of the operation. But that was not done, and this Court is not warranted in reading into the statute that which is not there.

■ Defendant relies strongly in his argument upon the third paragraph of an endorsement of the Kansas Corporation Commission, which was attached to the policy. The provision reads: "Nothing contained in the policy or any endorsement thereon, nor the violation of any of the provisions thereof by the assured, shall relieve the company from liability thereunder." This portion of an endorsement attached to the policy is required by the rules of the Kansas Corporation Commission. The provisions and limitations of the policy and the Commission's power to adopt rules flow from the same statutory authority and the endorsement is in a sense subsidiary to the insurance contract. The endorsement, under the circumstances, should not be given effect that would operate to change the terms of the contract prescribed by the statute and written into the policy.

Plaintiff may present findings and conclusions and proper decree in line with these views.