## ASSOCIATED INDEMNITY CORPORATION v. BUNNEY.

No. 10349.

Circuit Court of Appeals, Ninth Circuit.

June 29, 1943.

Rehearing Denied Aug. 20, 1943.

N. A. Pearson, of Seattle, Wash., for appellant.

Welts & Welts and Henderson & McBee, all of Mount Vernon, Wash., for appellee.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Wilmer Bunney by his guardian recovered judgment in the United States District Court against Associated Indemnity Corporation as insurer. The latter appeals.

The basic facts are not in dispute. David and Clarence Bunney, as Bunney Bros., were engaged in dump truck operations for the Works Progress Administration. They owned a Ford dump truck, which we shall denominate the "1935 truck", on which they carried personal injury and property damage insurance with defendant. David entered into negotiations with the Pound Motor Company leading to the purchase of a used truck, which we shall term the "1938 truck". The parties reached an agreement whereby the 1938 truck would be sold in return for the 1935 truck and $339.00. As David wished to retain the steel body from his old truck, the parties agreed further that he should install the steel body on the 1938 truck and should transfer to the 1935 truck a wooden body, which representatives of the Pound Motor Company had inspected and had pronounced acceptable. Thereafter, he was to take the 1935 truck to the Pound Company.

On January 4, 1940, the 1938 truck was delivered to David. He immediately placed a chattel mortgage on it, and gave to the seller $339 as the money payment in the truck exchange bargain, together with the Washington State Registration Certificate for the 1935 truck. Having been notified by the W. P. A. authorities to assemble his equipment for inspection, David was preparing to shift the bodies on the trucks when the 1935 truck became mired in the mud. David's young nephew Wilmer was asked to help extricate it. He was severely burned while leaning upon and over the

hood of the mired truck to pour gasoline into the carburetor in accordance with David's instructions.

Wilmer sued David and Clarence, doing business as Bunney Bros., and the Pound Motor Company in a Washington State court and received judgment for his personal injuries. The judgment was not paid, and he proceeded to bring the action herein to recover the amount of the Washington judgment under the insurance contract between the Bunneys and the appellant insurer. The case was removed from the state to the federal court on the ground of diversity of citizenship in an action involving over $3,000.00, appellant being a California corporation and appellee being a Washington citizen. In the District Court a verdict and a decree in favor of the plaintiff resulted.

Bunney Bros. operated pursuant to a permit issued by the Department of Public Service of the State of Washington. Under Chapter 184, Laws of 1935 (Rem.Rev.St. § 6382—1 et seq.), the obtaining of such a permit is a prerequisite to operation as a contract carrier, and the filing of liability and property damage insurance is a condition to the securing of such a permit. Under the statute Bunney Bros. was granted a permit authorizing: "Intrastate, irregular route, non-radial service as a carrier engaged in Dump Truck operations, in King, Snohomish and Skagit Counties."

The insurance policy herein was issued by appellant in conformity with the state statute and with the rules of the Department of Public Service promulgated thereunder. It bears the Department of Public Service endorsement, by which the company with certain exceptions, accepts financial responsibility for final judgments for bodily injury or property damage caused by *all* motor vehicles "covered by the terms of this policy and endorsement and operated by the insured pursuant to a permit issued by the Department of Public Service * * *." The policy also contains a Compulsory Automobile Insurance Endorsement, which extends the bodily injury and property damage coverage "to any automobile * * * used by the named insured at any time during the policy period under the insured's * * * permit issued in compliance with any * * * state law * * *," certain exceptions being added.

■ The terms of the endorsements illustrate that the insurance company might conceivably be liable in a situation where the insured was not the legal owner of the automobile causing the injury, but that without some further provision it could not be liable unless that automobile was being used pursuant to the official permit. Therefore, an endorsement annexed to the policy herein, insofar as it limits responsibility to such use, is not in conflict with the state law and is part of the binding contract: "The named Insured having declared, as evidenced by the acceptance of this endorsement, that all of the commercial automobiles which he owns will be used during the policy period exclusively for commercial purposes in the business of W. P. A. * * *, it is agreed that no insurance for Bodily Injury Liability or for Property Damage Liability is afforded while any commercial automobile owned by the named Insured is used in the business of any person, firm or corporation other than the above named." An inquiry into the use of the 1935 truck at the time of the accident becomes essential, for it is clear that the insurer is not bound beyond the terms of the contract.

■ The facts are admitted that when Wilmer was injured, David was attempting to work the 1935 truck out of a mud-hole preparatory to substituting a wooden body for its steel one and fixing its steel one on the 1938 truck. At the time of the accident, the 1935 truck was no longer being used in connection with the hauling business, and Bunney Bros. had parted with any right to use it except in the removal of its cargo body and the substitution of another and in the taking of it to the Pound Motor Company. It is clear that the 1935 truck was not being operated under the permit at the time of the accident. Commercial Standard Ins. Co. v. Foster, D.C. Kan., 31 F.Supp. 873, affirmed 10 Cir., 121 F.2d 117. The commercial purposes endorsement, then, became effective to relieve the insurance company of any liability under the policy.

Contrary to the argument of appellee, the Pre-Trial Certificate herein did not conclude the permit issue. It commented on the existence of the permit and remarked that the defense attorneys did "not admit that the permit was in effect at the time of the injury."

Since the error pointed out precludes the retrial of the issues, we do not go into the other points raised upon this appeal.

Reversed.