No. 35,880

John Henry Lang, *Appellant,* v. Underwriters at Lloyd's, London, *Appellee.*

(139 P. 2d 414)

Opinion filed July 10, 1943.

*Benjamin F. Endres,* of Leavenworth, argued the cause for the appellant.

*Lee Bond,* of Leavenworth, and *Sam Mandell,* of Kansas City, Mo., argued the cause, and *Arthur C. Popham,* of Kansas City, Mo., was on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages alleged to have been sustained when a taxicab in which plaintiff was riding collided with another car. Judgment was for the defendant, sustaining its demurrer to plaintiff's petition.

It will be noted that the action is against an insurance company. The petition alleged that the defendant was a corporation engaged in issuing policies of insurance whereby it insured persons against loss from liability imposed by law; that defendant had been permitted by the city of Leavenworth to issue its policy of liability insurance to persons engaged in operating taxicabs upon the streets of Leavenworth and vicinity and that it issued its policy to one John

Carre in compliance with the ordinance of the city of Leavenworth, which provided as follows:

"Section 1. Each person making application for an owner's taxicab license shall procure within thirty days after the approval of such owner's taxicab license public liability and property damage insurance in some insurance company upon which service can be had in the City of Leavenworth, Kansas, as follows: five thousand ($5,000) dollars personal liability injuries, or death to any one person in any one accident; ten thousand ($10,000) dollars liability for injuries or death of more than one person in any one accident; five thousand ($5,000) dollars property damage in any one accident; such policy of insurance shall be filed with the City Clerk and retained by him as long as said taxicab license shall be in full force and effect."

A copy of the policy issued pursuant to the above ordinance was attached to the petition. The petition then alleged that John Carre was the operator of a taxi service known as the Service Cab Company and that he was operating his business under and by virtue of a policy issued by defendant as provided by the above ordinance; that on a certain day plaintiff became a passenger for hire of John Carre to a point beyond the limits of the city of Leavenworth and that on his return while still outside the city the plaintiff was injured on account of the careless and negligent manner in which Carre operated his taxi. There were other allegations as to the extent of the injury sustained by plaintiff, which we do not need to mention here. The petition also alleged that the defendant was a foreign corporation organized under the laws of New York; that none of its officers or directors had their residence in the state of Kansas at the times mentioned in the petition.

The defendant demurred to this petition on the ground that it did not state a good cause of action against the defendant. This demurrer was sustained and judgment was given for the defendant—hence this appeal.

The defendant argues first that the plaintiff had no direct cause of action against the underwriters, and in his petition stated no cause of action against them; second, that the petition on its face showed that the plaintiff's action was barred by the two-year statute of limitations; third, that the petition was defective because it did not allege performance of conditions precedent to recovery on the policy.

The plaintiff places his right to bring this action direct against the company on what this court held in *Dunn v. Jones,* 143 Kan. 218, 53 P. 2d 918. This contention will require an examination of

what we held in that case. That was a case where one who was engaged in the operation of a motor truck within the motor-carrier statute was sued on account of causing the death of one traveling on the highway. The insurance company with which he carried a policy of insurance as a contract motor carrier was joined with him in the action. He carried this insurance policy on account of section 21 of chapter 236 of the Laws of 1931, same being G. S. 1935, 66-1,128. That section reads as follows:

"No certificate or license shall be issued by the public service commission to any 'public motor carrier of property,' 'public motor carrier of passengers,' 'contract motor carrier of property or passengers' or 'private motor carrier of property,' until and after such applicant shall have filed with, and the same has been approved by, the public service commission, a liability insurance policy in some insurance company or association authorized to transact business in this state, in such reasonable sum as the commission may deem necessary to adequately protect the interests of the public with due regard to the number of persons and amount of property involved, which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such carrier. No other or additional bonds or licenses than those prescribed in this act shall be required of any motor carrier by any city or town or other agency of the state."

The insurance company in that case contended that the right of action had not accrued for the reason the liability of Jones had not been established by judgment. Thus we had the question of whether or not under the facts in that case the action could be brought direct against the insured. The effect of the decision was that on account of the provisions of G. S. 1935, 66-1,128, the policy was the sort of a policy which permitted the action to be brought directly against the insurance company. We read the terms of the statute into the policy. It should be noted that the statute in that case provided that the policy should be one of liability insurance which should bind the obligors thereunder to pay compensation for injuries to persons and loss or damage resulting from the operation of the carrier. It was made clear, however, that the conclusion reached was on account of the wording of the particular statute.

Since the decision in the Dunn case we have decided the case of *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276. In that case a highway contractor and the insurance company, which carried his public liability insurance, were joined in an action on account of personal injuries sustained by a traveler on the highway. The plaintiff contended that the action could be brought direct against

the insurance company and hence the two could be joined in an action, and relied on the Dunn case. We reëxamined the case of *Dunn v. Jones,* supra, and pointed out that the result of that case was reached because of the particular statute under which the policy was issued and that the terms of the statute were read into the policy. We pointed out that a liability policy as distinguished from indemnity insurance may be either one in which the insurer assumes liability to answer direct to the injured party or in which the insurer's liability attaches immediately upon the securing of a judgment against the insured and that therefore it does not necessarily follow that there is a direct right of action against the insurer by the injured party merely because the policy is termed a liability policy.

In the instant case the policy itself provides that the company insures against liability imposed by law upon assured for damage as a result of the ownership, maintenance or use of the vehicles described; the company agrees to investigate accidents, to pay costs of suits against assured and interest on any judgments, to pay for such medical aid as might be necessary at the time of accident; to extend the coverage to such persons as might be operating the vehicle at the time, with the permission of the assured, and that the insolvency of the assured would not relieve the insurer. The policy also provided that the assured would not acknowledge any liability on account of any accident; that the insurer should have the exclusive right to settle any claim or suit; that in case of loss under the policy the insurer should be subrogated to all rights of the assured; that the insurer should be liable to the person entitled to recover damages caused by the assured in the same manner that the underwriters were liable to the assured; that such liability might be enforced by the person entitled to recover by an action against the insurer commenced after the rendition of final judgment in favor of such person and against the assured, and that no action singly or jointly by the assured, the injured or any other person should lie against the underwriters to recover upon any claim or for any loss under this policy unless brought after and within two years of the date upon which the amount of such claim or loss shall have been fixed and rendered certain either by judgment against the assured after trial of the issue or by agreement between the parties with the written consent of the underwriters. It is clear that the policy itself by its own terms did not contemplate that an action could be

brought directly against it. It is the sort of a policy that was characterized as a liability policy in *Brandon v. St. Paul Mercury Indemnity Co.*, 132 Kan. 68, 294 Pac. 881. The liability of the insurer did not accrue until after judgment had been established against the assured. This opinion was cited and followed by this court in the case of *Burks v. Aldridge*, supra. The plaintiff, however, argues that since the policy in this case was issued pursuant to the city ordinance, a copy of which has already been set out in this opinion, that ordinance should be read into and made a part of the policy and that when this is done we will reach the same conclusion as was reached when we read the statute into the policy in the Dunn case.

We have examined the ordinance, however, and find that it does not contain provisions similar to those contained in G. S. 1935, 66-1,128. The ordinance simply provides that the person making application for a taxicab license shall procure public liability and property damage insurance. It then goes on to provide as to the amounts of the insurance and that it must be with a company upon which service can be had in Leavenworth.

The statute provides, on the other hand, that the liability insurance shall bind obligors thereunder to pay compensation for injuries to persons and loss or damage to property resulting from the negligent operation of such owner. It was these provisions, together with a realization of the broad general purpose of the statute, upon which we based our opinion in the Dunn case. We do not find analogous language in the ordinance. Its provisions fall far short of requiring taxi operators to have a policy which will permit an action to be brought directly against the insurer. We have concluded, therefore, that under the policy issued to the defendant in this case the insurer was not liable until liability had been established against the insured, John Carre. No action had been brought against John Carre and hence no liability has been established against him. Neither the policy nor the ordinance nor both construed together give the injured party the right to bring an action against the insurer direct.

The conclusion that has been reached thus far in this opinion would require an affirmance of the judgment of the trial court sustaining the demurrer of the defendant to the petition. However, there is one other question in the case which merits discussion. The action was brought on the theory that the ordinance quoted required the taxi driver to carry a liability insurance policy for the benefit of

the public. The right to bring the action directly against the insurance company is based on that ordinance. The petition discloses that the injury to the plaintiff occurred while the taxi in which he was riding was being driven outside the limits of the city of Leavenworth.

In *Schoonover v. Clark*, 155 Kan. 835, 130 P. 2d 619, we considered a case where a casualty insurance company, which had issued a policy on a truck operated as a licensed carrier under the requirements of the statute was joined with the operator of the truck in an action to recover damages. This court examined the record and concluded that the truck upon which the policy was issued was not being used as a licensed carrier at the time of the injury and on that account the policy was one of indemnity only and the insurer could not be joined as a party defendant. In that case there was no doubt but that the statute required the carrier to have a liability policy. This court conceded that had the injury occurred while the truck was being used as a licensed carrier the company could be joined in the action. We said, however:

"On the other hand, if the principal defendant was not engaged directly or incidentally in the pursuit of his business as a licensed carrier, then under the terms of the policy issued by the defendant casualty company its liability was merely one of an indemnitor, and it could only be subjected to a judgment, if at all, when a judgment had been obtained against the principal defendant. (*Smith v. Republic Underwriters,* 152 Kan. 305, 308, 103 P. 2d 858; *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276; *Farm Bureau Mut. Automobile Ins. Co. v. Daniel,* 104 F. 2d 477, and *Commercial Standard Ins. Co. v. Foster,* 31 F. Supp. 873; same case on appeal, 121 F. 2d 117.)" (p. 837.)

By analogy even if it be conceded that the ordinance in this case required a taxi driver to have a policy which would permit an action for damages to be brought directly against the insurer, still the fact that the accident occurred outside the city limits where the ordinance was of no effect would require a holding that this policy was not one which would permit the action to be brought directly against the insurer, as applied to that particular injury. This is a further reason why the judgment of the trial court sustaining the demurrer of the defendant to the petition of plaintiff was not erroneous.

The judgment of the trial court is affirmed.

HARVEY and WEDELL, JJ., concur in the result.