No. 43,627

Jay J. Bayless, *Appellee*, v. Monty Bayless, d/b/a Bayco House Moving Company, and Mid-Continent Casualty Company of Tulsa, Oklahoma, *Appellants*.

(392 P. 2d 132)

Opinion filed May 9, 1964.

*Richard E. Pringle,* of Topeka, argued the cause and was on the briefs for the appellants.

*Charles Rooney, Jr.,* of Topeka, argued the cause, and *Charles Rooney, Sr.,* and *James R. Ward,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Fontron, J.: This is an appeal from a judgment recovered by the plaintiff Jay J. Bayless against his brother Monty Bayless d/b/a Bayco House Moving Company and Monty's insurance carrier, Mid-Continent Casualty Company of Tulsa, Oklahoma.

In his second amended petition (hereafter referred to as the petition), the plaintiff alleges that his brother Monty is engaged in the business of moving houses in the city of Topeka and that pursuant to the permit granted him by the city he was required to carry liability insurance covering bodily injury in the amount of Twenty-five Thousand Dollars ($25,000) for each person, which insurance was supplied by Mid-Continent. The petition further alleges that the plaintiff was injured by being knocked from the roof of a house while helping Monty move the house through Topeka streets. Allegations concerning the nature and extent of plaintiff's injuries are also set out in the petition but need not here be noted.

While the city ordinance relating to the requirement of liability

insurance is not set forth in plaintiff's petition, both the plaintiff and the defendants cite Sec. 25-602 as being the ordinance which is applicable. The pertinent part of this ordinance reads as follows:

". . . that before any such license is issued, said person shall file a policy of insurance or a certificate thereof providing public liability insurance with limits of liability not less than Twenty-five Thousand Dollars ($25,000) for bodily injury to any one person and Fifty Thousand Dollars ($50,000) for bodily injuries in any one accident and Five Thousand Dollars ($5,000) for damage to property in any one accident."

The defendants filed separate demurrers which were overruled. Answers were then filed by defendants and trial was had to a jury, which returned a verdict in plaintiff's favor. Upon judgment being entered pursuant to the verdict this appeal followed.

The point first raised by defendants on this appeal is that the petition does not state a cause of action against Mid-Continent and that its separate demurrer was erroneously overruled.

An examination of the policy issued by Mid-Continent, a reproduction of which is attached to the appellants' abstract, reveals that it specifically provides no action shall lie against the company until the amount of the insured's obligation to pay shall have been finally determined either by judgment or by the written agreement of insured, claimant and the company. The policy further provides that nothing therein contained shall give any person any right to join the company as codefendant in any action against the insured to determine the insured's liability.

The foregoing stipulations clearly refute any idea that direct liability on Mid-Continent's part was contemplated by the terms of the policy itself. And, in the absence of special circumstances imposing direct liability on Mid-Continent as the insurance carrier, no cause of action against it would come into existence on behalf of the plaintiff or any injured claimant until the liability of its insured, Monty Bayless, was first legally established.

In *Lawrence v. Travelers Mutual Cas. Co.,* 155 Kan. 884, 130 P. 2d 622, this court said:

". . . A liability insurance policy may be of such a character that an action against the insurer will not lie until liability is established. . . ." (p. 885.)

To similar effect is *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276, which held:

"In an action for damages for personal injuries, founded upon alleged

negligence on the part of contractor engaged in constructing a highway under a contract with the state highway commission, the contractor's liability insurance carrier may not be joined as a defendant, in the absence of a direct liability on its part, under the policy prior to judgment against the contractor.

"The record is examined in an action such as that referred to above and it is held that the insurance carrier's demurrer to the petition should have been sustained, for the reason that no cause of action against it was stated therein, in that no then-existing direct liability to the plaintiff, on its part, was made to appear." (Syl. ¶¶ 1, 2.)

The plaintiff argues, however, that Mid-Continent may be joined with its insured, Monty Bayless, by virtue of the Topeka city ordinance above set out, and he cites in support of his position the case of *Dunn v. Jones*, 143 Kan. 771, 57 P. 2d 16. We do not regard the Dunn case as being determinative of the point here presented, and the same may be said of the later cases which adhere to its holding. With one exception hereafter noted those cases deal with situations where liability insurance has been required of motor carriers pursuant to the provisions of G. S. 1949, 66-1,128 and its predecessors. That statute essentially provides that no certificate or license shall be issued to any public or contract carrier of persons or property, or to a private motor carrier of property, until there has been filed with and approved by the state corporation commission a liability insurance policy in specified amounts, ". . . *which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such carrier. . . .*" (Emphasis supplied.)

We think it clear that in the Dunn case the court read the express terms of the foregoing statute into the insurance policy which had been issued, thereby permitting the insurance company to be joined with and sued directly in the action brought against the motor carrier. This is expressly pointed out in *Lang v. Underwriters at Lloyd's*, 157 Kan. 314, 139 P. 2d 414, where the court says:

". . . The effect of the decision [in the Dunn case] was that on account of the provisions of G. S. 1935, 66-1,128, the policy was the sort of a policy which permitted the action to be brought directly against the insurance company. We read the terms of the statute into the policy. It should be noted that the statute in that case provided that the policy should be one of liability insurance which should bind the obligors thereunder to pay compensation for injuries to persons and loss or damage resulting

from the operation of the carrier. It was made clear, however, that the conclusion reached was on account of the wording of the particular statute." (p. 316.)

This court placed similar emphasis on the language of G. S. 1935, 66-1,128 when it distinguished the case of *Burks v. Aldridge,* supra, from its former holding in *Dunn v. Jones,* supra.

We believe the question presented in the instant case is fairly answered by our decision in *Lang v. Underwriters at Lloyd's,* supra. That was an action brought directly and solely against the defendant insurance carrier for personal injuries sustained by a passenger in one of the taxicabs covered by defendant's policy. In his petition, the plaintiff alleged that the defendant insurance company issued its policy of insurance to one John Carre in compliance with an ordinance of the city of Leavenworth, the pertinent portion of which is as follows:

' "Each person making application for an owner's taxicab license shall procure within thirty days after the approval of such owner's taxicab license public liability and property damage insurance in some insurance company upon which service can be had in the City of Leavenworth, Kansas, as follows: five thousand ($5,000) dollars personal liability injuries, or death to any one person in any one accident; ten thousand ($10,000) dollars liability for injuries or death of more than one person in any one accident; five thousand ($5,000) dollars property damage in any one accident; such policy of insurance shall be filed with the City Clerk and retained by him as long as said taxicab license shall be in full force and effect." ' (p. 315.)

In rejecting the plaintiff's contention that the insurance company could be sued directly, the court distinguished the case from *Dunn v. Jones,* supra, and said:

". . . The plaintiff, however, argues that since the policy in this case was issued pursuant to the city ordinance, a copy of which has already been set out in this opinion, that ordinance should be read into and made a part of the policy and that when this is done we will reach the same conclusion as was reached when we read the statute into the policy in the Dunn case.

"We have examined the ordinance, however, and find that it does not contain provisions similar to those contained in G. S. 1935, 66-1,128. The ordinance simply provides that the person making application for a taxicab license shall ·procure public liability and property damage insurance. It then goes on to provide as to the amounts of the insurance and that it must be with a company upon which service can be had in Leavenworth.

"The statute provides, on the other hand, that the liability insurance shall bind obligors thereunder to pay compensation for injuries to persons and loss or damage to property resulting from the negligent operation of such owner. It was these provisions, together with a realization of the broad general pur-

pose of the statute, upon which we based our opinion in the Dunn case. We do not find analogous language in the ordinance. Its provisions fall far short of requiring taxi operators to have a policy which will permit an action to be brought directly against the insurer. We have concluded, therefore, that under the policy issued to the defendant in this case the insurer was not liable until liability had been established against the insured, John Carre. No action had been brought against John Carre and hence no liability has been established against him. Neither the policy nor the ordinance nor both construed together give the injured party the right to bring an action against the insurer direct." (p. 318.)

No essential distinction is perceived between the situation presented in the Lang case and that which is involved in the present action. For all practical purposes the ordinances are identical and the pertinent provisions of the insurance policies, the same.

There is little merit in the plaintiff's assertion that what was said in the Lang case is but *dictum* as to the question which is here presented. The court squarely expressed itself when it held:

"In an action brought direct against an insurer to recover for personal injuries caused by the negligent operation of a taxicab upon which the insurer had issued a liability policy, the provisions of the city ordinance pursuant to which the policy was issued and the policy itself are examined, and it is held that neither the policy nor the ordinance, nor both construed together, give the injured party a right to bring an action direct against the insurance company." (Syl. ¶ 1.)

Plaintiff cites *Billups v. American Surety Co.,* 170 Kan. 666, 228 P. 2d 731, as supporting his position, but we believe he misconstrues its import. The pertinent statute in that case was G. S. 1949, 66-1305, requiring motor vehicles not licensed or registered in Kansas to be covered by liability insurance with coverage for persons who may sustain injuries or damage, before they could use Kansas highways. The plaintiff's petition alleged that pursuant to that statute, the insurance company had issued its policy wherein it guaranteed to indemnify any individuals who suffered damage as the result of the negligence of the truck owner in the operation of the truck. In holding that the petition stated a cause of action against the insurance company the court cited the foregoing language and said:

"In closing it should perhaps be stressed the conclusion just announced assumes the correctness of and is limited strictly to the factual averments set forth in the instant petition. . . ." (p. 677.)

The averments to which the court alluded strongly suggest the

language of G. S. 1949, 66-1,128 and seem analagous to the provisions of that statute.

No purpose would be served by prolonging this discussion. It is sufficient to say that we adhere to the decision in *Lang v. Underwriters at Lloyd's,* supra, and hold that the court below erred in overruling Mid-Continent's demurrer to plaintiff's petition.

We think it cannot be said with certainty that such error did not result in prejudice to the defendants. This court on frequent occasions has held it to be reversible error for a plaintiff intentionally to inject into a trial by jury the fact or inference of defendant's insurance coverage. (See *Powell v. Kansas Yellow Cab Co.,* 156 Kan. 150, 131 P. 2d 686 and cases therein cited.)

In *Burks v. Aldridge,* supra, the court in discussing this identical question said:

"If appellant had a direct liability, prior to judgment against the contractor, appellee had adequate means for ascertaining that fact and enforcing the liability. If no such liability exists under the policy, prior to judgment, appellant is entitled to have the contractor's liability first tried out on its merits without injection into such trial, by pleading or otherwise, of the subject of existing insurance. On that subject this court has spoken plainly upon more than one occasion." (p. 737.)

The judgment recovered in this action was large, substantially exceeding the limits of the insurance policy. In view of such a sizable verdict, this court is not justified in saying that the jury could not have been influenced by the inclusion of the insurance company as a party defendant in this action.

The conclusion we have reached makes it unnecessary to consider other questions presented in this appeal.

The judgment of the court below is reversed with directions to sustain the demurrer of Mid-Continent Casualty Company of Tulsa, Oklahoma, and to grant a new trial as to the defendant Monty Bayless d/b/a Bayco House Moving Company.

It is so ordered.