No. 35,678

EDGAR LAWRENCE, *Appellee*, v. THE TRAVELERS MUTUAL CASUALTY COMPANY, THE HAWKEYE CASUALTY COMPANY, and STEWART HONSTEAD, *Appellants*.

(130 P. 2d 622)

Opinion filed November 7, 1942.

*Roy McCombs,* of Ness City, was on the briefs for the appellants.
*J. E. Mowery,* of Dighton, was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries sustained by plaintiff and to his truck by the alleged negligence of defendant Honstead, who was driving on the highway in front of plaintiff, stopping his truck without warning. The defendants, separately and collectively, demurred to the amended petition for the reason that it does not state facts sufficient to constitute a cause of

action against them, or any of them. This demurrer was overruled, and defendants have appealed.

On behalf of the appellant Honstead it is argued that the petition is too indefinite as to who was driving his truck. The allegations respecting that may be summarized as follows:

". . . defendant's truck was being driven in the same direction. . . . That the defendant Stewart Honstead and his driver knew that plaintiff's truck was following defendant's truck, but, notwithstanding such knowledge, the defendant or his driver stopped defendant's truck. . . ."

While there is uncertainty as to whether defendant or his driver performed the alleged negligent act, the lack of definiteness is not of a character which should prejudice defendant, since he should have knowledge of those matters. In the brief for appellee it is said the allegation was made as definite as it was possible for plaintiff to make it. We think the indefiniteness is not so great as to require a sustaining of a demurrer to the petition.

With respect to the insurance company it is alleged that on the date in question the defendant insurer "was carrying the liability insurance on defendant's truck in accordance with the laws of the state of Kansas." It is argued on behalf of the appellant insurer that this is insufficient to state a cause of action against the insurer. We think the point is well taken. A liability insurance policy may be of such a character that an action against the insurer will not lie until liability is established. (*Burks v. Aldridge*, 154 Kan. 731, 121 P. 2d 276.) There is no allegation that the defendant Honstead had been licensed as a carrier and a certificate issued to him by the state corporation commission, and that the insurance policy was of the type required of such a character as was before the court in *Dunn v. Jones*, 143 Kan. 218, 53 P. 2d 918. Even if the allegation made could be construed into such an allegation, which we think cannot be done, it would still be incumbent upon the plaintiff to allege and prove that the truck was being operated under the certificate at the time of the collision. See *Smith v. Republic Underwriters*, 152 Kan. 305, 103 P. 2d 858, and *Schoonover v. Clark*, ante, p. 835, 130 P. 2d 619, and authorities therein.

Appellants argue that under the allegations of the petition plaintiff was guilty of contributory negligence. We think that cannot be said as a matter of law. The question is properly one for the jury.

The result is that the ruling of the trial court must be sustained as to the appellant Honstead, and reversed, with directions to sustain the demurrer, as to the appellant insurer. It is so ordered.