No. 41,380

HAROLD STERLING, *Appellant,* v. EVERETT EUGENE HARTENSTEIN and FARM BUREAU MUTUAL INSURANCE CO., INC., a Corporation, *Appellees.*

(341 P. 2d 90)

Opinion filed June 13, 1959.

*C. Vincent Jones,* of Clay Center, argued the cause, and *Wayne W. Ryan,* also of Clay Center, was with him on the brief for appellant.

*Richard D. Rogers,* of Manhattan, argued the cause, and *W. M. Beall,* of Clay Center, was with him on the brief for appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action for personal injuries against a defendant motor carrier of property, and his insurance carrier.

The question presented on appeal is whether the trial court erred in sustaining a motion which dismissed the action as to the insurance carrier.

The plaintiff, Harold Sterling (appellant), filed an amended petition, hereafter referred to as the petition, which alleged a cause of action on the ground of negligence. For purposes of this appeal it may be assumed the petition stated a cause of action in ordinary negligence against the defendant Hartenstein who was operating a large truck upon the highways of Riley, Geary, Clay and Dickinson Counties, in the business of buying, selling and transporting, upon commission and for hire, milk and cream. The damages to the plaintiff were alleged to be the result of a collision on the 7th day of October, 1957, between the parties at an intersection of a township road upon which the defendant Hartenstein was driving and a county highway upon which the plaintiff was driving.

The only allegations material herein relate to the insurance carrier. These allegations read as follows:

"6—That at all times material herein, and for a long time prior to October 7, 1957, said *Hartenstein desired to have public liability insurance upon said truck which would indemnify and insure him against loss and liability for loss arising to others from the negligent operation of said truck, whether operated in the business hereinafter mentioned or not;* and desired to use said truck upon the public highways as a motor carrier of property, upon a long milk route in Riley, Geary, Clay and Dickinson Counties, in the business of buying and selling, and hauling upon commission and for hire, milk and cream; and desired to have such a public liability and insurance policy as required by the provisions of 66-1128 of 1957 Supplement of the General Statutes as would enable him to apply for and receive a permit or license from the State Corporation Commission to lawfully operate said truck in said business, and be such a public liability insurance policy as was required by said section of the Statute as a condition precedent to such license or permit, and for the protection and insurance of the public as users of the highways, including plaintiff, while said truck was being operated in such business. Said statute required such policy to be not less than $10,000.00 for injury to any one person in any one accident.

"7—That such a policy of insurance was duly issued to said Hartenstein by said insurance company, and duly paid for by him; and said defendants duly maintained such policy in full force up to and including the time of the collision herein complained of. The exact amount of said insurance is unknown to plaintiff, but plaintiff believes, and alleges that same was for more than $50,000.00 and bound said insurance company to pay compensation to any one person including plaintiff, for injury in any one accident, caused by the negligent operation of said truck, in said business. *That under the circumstances of this case, said statute became an integral part of such policy.*

"8—*But said Hartenstein never did apply for and obtain such certificate or license but did use such truck as such motor carrier in such business; and said defendant insurance corporation at all times knew and by the exercise of reasonable diligence could and should have known of such use. Plaintiff does not have access to said policy, same being in the possession of defendants, and plaintiff cannot set out a copy; and asks that defendants be required to file same or a true copy with the Clerk.*

"9—That said *defendants owed to plaintiff* as a part of the public *the mandatory duty before using, and permitting and suffering said truck to be used, as such motor carrier of property to see to it that such permit or license was obtained from said Commission, and that such policy or a due certificate thereof was duly filed. And defendants having failed in such duty, should justly be and are bound to plaintiff to the same extent as if they had fully performed their such duty.*" (Emphasis added.)

The plaintiff's petition was filed on the 30th day of July, 1958, and upon the foregoing allegations the defendant, Farm Bureau Mutual Insurance Co., Inc. (appellee—hereafter referred to as the insurance carrier), moved the trial court for an order dismissing said petition as to it on the following grounds:

"(1) Plaintiff's petition describes and classifies the truck of the defendant, Hartenstein, simply as a 'motor carrier of property,' whereas, under the specific provisions of G. S. 1957 Supp., 66-1,128, to the General Statutes of Kansas for 1949, only the following classes of motor carriers, to-wit:

(a) public motor carrier of property;

(b) public motor carrier of passengers;

(c) contract motor carrier of property or passengers; or,

(d) private motor carrier of property,

are required to obtain a certificate or license from the State Corporation Commission, and file with said Commission, as a condition precedent thereto, the liability insurance policy referred to in said petition, and since the truck of the defendant, Hartenstein, as mentioned and described in said petition, does not fall within any of such statutory classifications, said Hartenstein was not required to obtain such certificate or license or file said policy with said Commission.

"(2) In the territory in which defendant, Hartenstein, operated his milk route, no common carrier service of any kind is, or was, at any time in said petition mentioned, available, and that under the provisions of subsection (d) of G. S. 1957 Supp., 66-1,109, his motor carrier service would not be affected by the provisions of the Motor Carrier Act of this state.

"(3) The Corporation Commission of the State of Kansas has never assumed, nor believed under the law it could assume, jurisdiction of the business of those persons who operate trucks or motor carriers for the transportation of milk and/or other perishable products over routes such as that of the defendant, Hartenstein.

"(4) The Farm Bureau Mutual Insurance Company, therefore, is not a proper party defendant at this time, and the attempt to make it a party is premature."

The trial court on the 1st day of October, 1958, sustained the above motion dismissing the petition as to the insurance carrier. From this order an appeal was duly perfected to this court by the plaintiff.

The plaintiff regards the above motion as equivalent to a demurrer. The defendants take the position that it is immaterial whether the motion be considered as a demurrer to the petition, on the ground that it states no cause of action against the insurance carrier, or whether it be considered as a motion for dismissal. It is conceded the petition is entitled to a liberal construction.

As a preliminary to further discussion the first three grounds of the above motion may be summarily answered by stating they have no merit at this point in the proceedings. In our opinion the allegations of the petition, liberally construed, classify the truck of the defendant Hartenstein as a motor carrier required to obtain a certificate or license from the State Corporation Commission pursuant to G. S. 1957 Supp., 66-1,128. The petition states Hartenstein was

using the truck "in the business of buying and selling, and hauling upon commission and for hire, milk and cream" upon a long milk route in Riley, Geary, Clay and Dickinson Counties. From these allegations it clearly appears that his operation falls under G. S. 1949, 66-1,114, or 66-1,115, and necessarily was either a public, private or contract motor carrier, unless he came within the exception or exemption provided in G. S. 1957 Supp., 66-1,109(d). The plaintiff in alleging a cause of action such as this was not required to negative the exceptions or exemptions provided in the Motor Carrier Act. These are matters of defense and must be pleaded by way of answer to the petition.

The second and third grounds of the motion seek to contradict the allegations of the petition by injecting disputed questions of fact before joinder of issues and a trial upon the merits. This is improper, and furthermore, even if it were proper, the record does not disclose that any evidence or affidavit was offered in support of such grounds at the hearing on the motion. (*Billups v. American Surety Co.,* 170 Kan. 666, 228 P. 2d 731.)

Further discussion will be confined to the fourth ground of the motion—whether under the facts and circumstances alleged the insurance carrier is a proper party defendant. The plaintiff in his petition admitted that he did not have access to the policy of insurance in question, the same being in the possession of the defendants, and for that reason could not set out a copy. His petition thereupon requested "that defendants be required to file same or a true copy with the Clerk." At this stage of the proceedings the insurance carrier by its motion seeks a discharge.

The position taken by the plaintiff is that he has alleged a proper cause of action against both Hartenstein and his insurance carrier under the doctrine announced in *Dunn v. Jones,* 143 Kan. 218, 53 P. 2d 918 (opinion denying rehearing, 143 Kan. 771, 57 P. 2d 16), a decision to which this court has on numerous occasions subsequently adhered. Some of the cases are *Twichell v. Hetzel,* 145 Kan. 139, 64 P. 2d 557; *Fisher v. Central Surety & Ins. Corp.,* 149 Kan. 38, 86 P. 2d 583; *Henderson v. National Mutual Cas. Co.,* 164 Kan. 109, 187 P. 2d 508; and *Johnson v. Killion,* 178 Kan. 154, 283 P. 2d 433.

In *Dunn v. Jones,* supra, the court dealt with the liability of insurance carriers who furnish liability insurance to motor carriers under the statutory provision which requires such policies precedent

to the issuance of a certificate or license under the Public Motor Carrier Act. ( G. S. 1935, 66-1,128. ) The statute there construed provided not merely for a *liability insurance policy*, prior to issuance of a certificate or license, *but specified with some particularity the kind of liability insurance to be provided*. The statute required insurance which "shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such [motor] carrier." Construing that language in the light of other provisions, and of the purpose and intent of the whole Motor Carrier Act relating to the use of the public highways for business and commercial purposes, it was held that *the legislature intended to require a policy which would provide direct liability to injured persons* without regard to judgment against the insured motor carrier. It was further held that the terms of the statute must be read into the policy. In other words, the insurance company must be held to have accepted the terms of the statute under which it furnished the policy to the motor carrier.

Amendments to G. S. 1935, 66-1,128, which now appears as G. S. 1957 Supp., 66-1,128, are immaterial insofar as the issues in the instant case are concerned.

The plaintiff states in his brief:

"Now *if* the policy 'bound said insurance company to pay compensation . . . to plaintiff for injury . . . caused by the negligent operation of said truck, in said business,' the company is directly liable to plaintiff for the negligent injury. *If* such policy was in force, the company would not be relieved of liability, by mere failure to file it, or failure to file a certificate of its issue, nor by mere failure of Hartenstein to get a license . . .

"*On the other hand*, if it be assumed or the proof shown, the liability insurance here purports upon its face, to insure and indemnify Hartenstein against loss, and liability for loss arising to others, and to give no right of action to persons injured, by the negligent operation of the truck, until after a final judgment shall be obtained against Hartenstein, yet the insurance company, by reason of the statute, and its knowledge, that the truck was being used in the business alleged, is nevertheless liable to plaintiff. And the allegations of the petition are sufficient to cover that phase. The company knew Hartenstein was availing himself of all the privileges of a regularly licensed motor carrier." (Emphasis added.)

The plaintiff then argues that the insurance carrier is liable because the *defendants* are conclusively presumed to know the law—presumed to know, that the kind of business here operated, came under G. S. 1949, 66-1,114 and 1,115, and required the defendant

Hartenstein to have a license from the Corporation Commission and to have a liability insurance policy or a certificate of the same on file, which bound the insurance carrier to pay compensation for injuries resulting from the negligent operation of such motor carrier. It is further argued that the defendants were presumed to know that the operation of such motor carrier in the business alleged, without such permit, and without such insurance, was a violation of the provisions of G. S. 1949, 66-1,130, which subjects "Every carrier to which this act applies and every person who violates or who procures, aids or abets in the violating of any provision of this act," to criminal liability and punishment.

The position taken by the defendant insurance carrier is that in order to state a cause of action against Hartenstein and his insurance carrier, the plaintiff must allege the insured was at the time of the accident (a) the holder of a permit or license from the State Corporation Commission, (b) that he had obtained and filed with the Commission a liability insurance policy or certificate of insurance in lieu thereof as required by statute (66-1,128, *supra*), and (c) that the insured was at the time of the accident operating his truck on the highways of this state pursuant to his license or permit. (Citing, *Billups v. American Surety Co.*, supra; *Fitzgerald v. Thompson*, 167 Kan. 87, 204 P. 2d 756; *Lawrence v. Travelers Mutual Cas. Co.*, 155 Kan. 884, 130 P. 2d 622; *Henderson v. National Mutual Cas. Co.*, supra; and others.)

In our opinion the material factor controlling the decision under the facts and circumstances presented by the record before us is the type of insurance policy issued to Hartenstein by the defendant insurance carrier. The plaintiff requested production of the insurance policy and the defendant insurance carrier moved for discharge. Under these circumstances it was incumbent upon the insurance carrier to produce the policy of insurance together with its motion for presentation to the trial court. Without submission of such policy of insurance to the trial court its ruling was premature. If the policy issued Hartenstein was a liability insurance policy of the type required of a licensed motor carrier in this state by G. S. 1957 Supp., 66-1,128, so that the action of the plaintiff to recover for injuries to his person or property, caused by the negligent operation of such motor carrier, may be brought directly against the motor carrier and his insurance company because of its liability insurance, the motion should have been overruled. But

if the policy issued Hartenstein was merely an indemnity insurance policy, which purported on its face to insure and indemnify Hartenstein against loss and liability for loss arising to others, and to give no right of action to persons injured by the negligent operation of the truck directly against the insurance carrier, the motion should have been sustained.

If the policy of insurance bound the insurance carrier to pay compensation to the plaintiff for injury caused by the negligent operation of Hartenstein's truck in his business of buying, selling and transporting milk and cream (it was alleged that at the time of the accident Hartenstein was operating his truck on his route and the truck was loaded with milk and cream), the defendant insurance carrier is directly liable to the plaintiff for the negligent injury, and the failure of the motor carrier to have a permit or license from the State Corporation Commission would not free the insurance carrier of direct liability to the plaintiff. It has been held where a licensed carrier had such policy of insurance, as required by the statute, and it was not filed with any of the administrative bodies as provided in the act, such failure did not relieve the insurance company of direct liability to a member of the public injured by the negligent operation of such motor carrier. (*Johnson v. Killion,* supra.)

We turn now to the cases cited by the defendant insurance carrier in support of its contention regarding necessary allegations in the plaintiff's petition.

In *Lawrence v. Travelers Mutual Cas. Co.,* supra, the plaintiff alleged a cause of action in negligence against a motor carrier joining its insurance carrier as a party defendant. In reviewing the trial court's ruling on a demurrer to the amended petition it was stated:

"With respect to the insurance company it is alleged that on the date in question the defendant insurer 'was carrying the liability insurance on defendant's truck in accordance with the laws of the state of Kansas.' It is argued on behalf of the appellant insurer that this is insufficient to state a cause of action against the insurer. We think the point is well taken. A liability insurance policy may be of such a character that an action against the insurer will not lie until liability is established. (*Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276.) There is no allegation that the defendant Honstead had been licensed as a carrier and a certificate issued to him by the state corporation commission, and that the insurance policy was of the type required of such a character as was before the court in *Dunn v. Jones,* 143 Kan. 218, 53 P. 2d 918. Even if the allegation made could be construed into such an alle-

gation, which we think cannot be done, it would still be incumbent upon the plaintiff to allege and prove that the truck was being operated under the certificate at the time of the collision . . ." (p. 885.)

On the surface the foregoing language would seem to indicate that it controls the decision herein. It is apparent, however, upon careful analysis that the amended petition was deficient in several respects and the court was not confronted with the facts and circumstances presented by the instant case. Further, in the *Lawrence* case there was no allegation the truck was being operated at the time of the collision in the business for which the certificate was issued (assuming the amended petition alleged a certificate was issued) by the State Corporation Commission.

In support of the foregoing quoted language, *Smith v. Republic Underwriters*, 152 Kan. 305, 103 P. 2d 858, and *Schoonover v. Clark*, 155 Kan. 835, 130 P. 2d 619, were cited as authorities at the end of the quotation. These cases turned upon the specific provisions written into the policies of insurance there involved and thus tend to clarify the force and effect of the language quoted from the *Lawrence* case and its application to the facts there presented.

The *Smith* and *Schoonover* cases, supra, further illustrate why the court must decline to speculate on what provisions may or may not be contained in the policy of insurance issued by the defendant insurance carrier in the instant case. Under given facts and circumstances the specific provisions of a policy of insurance become vitally material.

The court in *Billups v. American Surety Co.*, supra, recognized the rule of pleading stated in the *Lawrence* case but declined in its holding to find application for the rule to the facts there presented.

In *Fitzgerald v. Thompson*, supra, after briefly making reference to the holdings in *Dunn v. Jones*, supra; *Twichell v. Hetzel*, supra; and *Henderson v. National Mutual Cas. Co.*, supra, it was stated:

"The rule deducible from the above authorities is that the liability assumed by the insurer is neither a contract liability nor a statutory liability. It is a tort liability—the liability in tort which the insured has 'from the negligent operation' of his business under the permit. The fact that this tort liability is determined by the statute and by the insurance policy does not keep it from being a tort liability.

"If the petition states a cause of action in tort against the permit holder and alleges the filing and approval of the liability policy it states a cause of action against the insurer. This is the basis for the holdings of the court that one who sustains injury in his person or property by the negligent operation under the permit of the permit holder may sue both the permit

holder and the insurer, or either one of them, and the action is in tort, not in contract." (pp. 90, 91.)

It is well to bear in mind that an abstract statement of the law made in a given case must be tempered by the facts which give rise to its pronouncement. In all cases cited by the defendant insurance carrier herein, which declared the necessity of pleading the three elements (*a, b,* and *c,* supra), such additional facts as appear in the allegations of the plaintiff's petition herein are lacking. The law declared in those cases must be confined to the state of facts which the court there had under consideration. The matter presently before the court is therefore one of first impression.

The substance of what has been said and held by the foregoing decision herein is that an insurance carrier furnishing liability insurance to a motor carrier may be joined with such motor carrier as a party defendant and held directly liable to a plaintiff injured by the negligent operation of a motor carrier on the highways of this state, even though such motor carrier does not have a permit or license from the State Corporation Commission under the Public Motor Carrier Act, where:

1. The motor carrier was required under the Public Motor Carrier Act of this state to have a license;

2. The policy of insurance issued the motor carrier was a liability insurance policy of the type required of a licensed motor carrier in this state by G. S. 1957 Supp., 66-1,128; and

3. The motor carrier was at the time of the accident being operated on the highways of this state in the business for which a license or permit was required, and in contemplation of which the insurance policy was issued by the insurance carrier for compliance with the Public Motor Carrier Act.

The defendant insurance carrier's contention that the defendants are improperly joined, since the motor carrier's liability is in tort and the insurer's liability in contract, has been effectively answered in *Fitzgerald v. Thompson,* supra, wherein it was stated:

". . . We think it necessarily follows that plaintiff may also join any other party who is liable for the tort, such as the insurer of the operator of the vehicle involved who has answered the tort liability of one of the other parties." (p. 91.)

In fairness to the trial court and the parties litigant further comment should be made in the event the policy of insurance issued by the defendant insurance carrier is an ordinary indemnity policy. Inferentially, the decision that the motion for discharge of the defendant insurance carrier should be sustained in this eventuality indicates our holding.

The plaintiff alleged in his petition that "said defendant insurance corporation at all times knew and *by the exercise of reasonable diligence could and should have known*" (emphasis added) that the defendant Hartenstein was operating his motor carrier on the public highways of this state in a business which required the issuance of a permit or license from the State Corporation Commission. If by so alleging the plaintiff intends to impose upon the insurance carrier the obligation of policing its policyholders to determine whether some may be violating the Public Motor Carrier Act, it is an unwarranted extension of the doctrine established in *Dunn v. Jones,* supra. We regard the criminal liability and punishment imposed by G. S. 1949, 66-1,130, as sufficient to enforce compliance with the provisions of the Public Motor Carrier Act.

Furthermore, where the policy issued is an ordinary indemnity policy, we reject as unwarranted the duty which plaintiff seeks to impose upon an insurance carrier by the provisions of paragraph 9 in his petition. Knowledge on the part of an insurance company that a motor carrier for which it issues an indemnity policy should comply with the Public Motor Carrier Act is not in and of itself sufficient to force direct liability upon the insurance carrier by reading the statute (66-1,128, *supra*) into the policy. On this point the insurance policy involved in *Schoonover v. Clark,* supra, is of interest. It was there said:

"... the controlling question relates to the trial court's ruling that at the time and in the circumstances of the collision the defendant's truck was being incidentally used in his business as a licensed private carrier. If so, the insurance carrier was properly joined as a codefendant in the action ... On the other hand, if the principal defendant was not engaged directly or incidentally in the pursuit of his business as a licensed carrier, then under the terms of the policy issued by the defendant casualty company its liability was merely one of an indemnitor, and it could only be subjected to a judgment, if at all, when a judgment had been obtained against the principal defendant ..." (p. 837.)

Conceivably, in situations described in the *Schoonover* case, the motor carrier may procure his insurance for compliance with the Public Motor Carrier Act from another company.

The judgment of the trial court discharging the defendant insurance carrier from the action is reversed with directions to proceed in accordance with the views herein stated.