No. 46,178

New Hampshire Insurance Company, *Appellant*, v. American Employers Insurance Company, *Appellee*.

(492 P. 2d 1322)

Opinion filed January 22, 1972.

*J. H. Eschmann*, of Ascough, Bausch and Eschmann, of Topeka, argued the cause and was on the brief for the appellant.

*Herbert A. Marshall*, of Marshall, Hawks, McKinney and Hundley, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: This is an action for contribution brought by one insurance company against another arising out of fire damage to property upon which each insurer paid the loss. Contribution was denied and the plaintiff insurer has appealed. Essentially, the issue is whether there was overlapping or common coverage requiring contribution.

With a single exception the facts before the trial court were stipulated by the parties and may be summarized as follows:

Harry Hines Woodring was the legal owner of a house in Topeka which he had insured, in his own name alone, against fire loss in the amount of $50,000 under a homeowner's policy issued by the plaintiff New Hampshire Insurance Company. Mr. Woodring resided in the house at the time of the fire in question.

Helen Coolidge Woodring, a resident of Wilmington, Delaware, was the former wife of Mr. Woodring, having been divorced from him in 1960 by decree of the Shawnee county district court. As a part of the property settlement in the divorce action Mr. Woodring delivered to Mrs. Woodring his promissory note and mortgage on the house in question in the amount of $25,000, which instruments were duly recorded in Shawnee county. No payments had been made on the note at the time of the fire loss in 1967.

When Mrs. Woodring's attorney in Wilmington, Delaware, was unable to learn whether Mr. Woodring had insured the house adequately against fire loss, she purchased a standard fire policy on it in the amount of $25,000 from defendant American Employers Insurance Company. The assureds named on the face of this policy were "Harry H. Woodring & Mrs. Helen Coolidge Woodring, A. T. I. M. A." The litigants agree the letters A. T. I. M. A. mean "as their interest may appear".

Neither policy contained any mention of a mortgage on the property. Both policies were in effect on April 6, 1967, when the house was damaged by fire to the extent of $22,632.18. Defendant Employers accepted proof of loss from Mrs. Woodring for $22,632.18, and paid her that amount but it declined to accept proof of loss or to contribute anything on Mr. Woodring's loss after demand was made upon it. Mr. Woodring made claim to plaintiff New Hampshire for $22,632.18 and was paid that amount by plaintiff after plaintiff and defendant agreed the issue of contribution between them would be submitted for judicial determination.

Both insurers subscribe to that which is known in the insurance industry as the "Guiding Principles", used by adjusters in determining contribution where there is common coverage on the same property.

In addition to the stipulated facts defendant offered, and the trial court received, deposition testimony of Mrs. Woodring. This testimony was objected to by plaintiff as violative of the parol evidence rule. In the deposition Mrs. Woodring stated she pur-

chased and paid for the insurance in order to protect her interest in the property as mortgagee.

Upon the foregoing the parties submitted to the trial court the question whether or not the defendant owed coverage to Mr. Woodring and is thereby liable for contribution to plaintiff.

The trial court made findings of fact in accord with those recited. It found Mr. Woodring had obtained his policy without the knowledge or consent of Mrs. Woodring and that Mrs. Woodring had obtained her policy from defendant in order to insure her interest as mortgagee. It concluded this interest was separate and distinct from the interest of Mr. Woodring as mortgagor, that plaintiff was not entitled to contribution from defendant and it rendered judgment accordingly. In its rationale the trial court stated Mrs. Woodring's deposition was admitted to show her intent and state of mind in obtaining the policy procured by her.

Plaintiff's principal basis for reversal stems from its contention the court erred in admitting Mrs. Woodring's deposition. The argument is, the terms of defendant's policy are clear and unambiguous and are not subject to variance by receipt of such parol evidence; that the testimony objected to contradicts the plain language of the policy and should not have been received; that Mr. Woodring was a named insured under defendant's policy, he had coverage under it and therefore it constituted insurance covering the same property and the same interest as that covered by plaintiff's policy, bringing into play the application of the Guiding Principles to which both parties subscribe, and under which defendant would be liable for one-half the amount paid by plaintiff to Mr. Woodring. Plaintiff asserts the trial court erred in its factual finding that Mrs. Woodring's mortgagee interest was the interest insured by defendant's policy because such finding is in contradiction to the language of the policy itself. Plaintiff also seeks to bring into play the rule that a third party (Mr. Woodring, to whose rights plaintiff was subrogated upon its payment to him) may enforce a contract made for his benefit, strenuously contending that defendant's policy constituted other insurance providing coverage to Mr. Woodring.

In our view the controversy here is wholly determinable upon the facts stipulated to by the parties, without resort to the parol evidence complained of by plaintiff. The essential question, one of first impression, is whether Mr. Woodring was insured under

defendant's policy, so as to constitute overlapping or common coverage under the Guiding Principles.

The pertinent portions of these Principles are:

"1. Insurance covering same property and same interest:

"A. Insurance covering a specifically described article or object, whether or not for an express amount, at a designated location shall be primary to any other insurance.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"G. Two or more policies providing coverage as set forth in '1-A' through '1-F', respectively, shall be contributing. Contribution shall be as follows:

"(1) Whether or not deductibles are involved, contribution shall be on the basis of the Limit of Liability Rule except that, in the event there is an area of common coverage under two or more policies and separate coverage under any one or more such policies, the policy or policies affording separate coverage shall respond first to that loss it alone covers and the remainder of its limit of liability shall contribute to the common loss on the basis of the Limit of Liability Rule."

Another portion of the Guiding Principles indicates, by way of illustrative example, that apportionment based on Principle 1.G., where each of two companies has a different amount of coverage greater than the loss as in the situation at bar, shall be payment of one-half the loss by each.

It is well settled that a mortgagor and mortgagee have separate and distinct interests in the same property which each may insure (4 Appleman, Insurance Law and Practice, § 2186; 3 Couch on Insurance, 2d, § 23:35).

Rules with respect to the mortgagee have been stated thus:

"One who would be deprived of a security or lien on insured property, or would lose the profit therefrom by destruction of the premises, has an insurable interest therein. It does not matter whether the owners of the property know of or consent to the issuance of the policy upon the lien holder's interest.

"A mortgagee is generally stated to have an insurable interest in the mortgaged premises, the usual rule being that such interest extends to the amount of indebtedness.  .  .  ." (4 Appleman, Insurance Law and Practice, § 2188.)

Under the stipulated facts Mrs. Woodring had a mortgagee interest in the property in the amount of $25,000. This was her only insurable interest in the property and it was a separate and distinct insurable interest to the extent of any balance due on the mortgage debt. She procured a policy of fire insurance issued by defendant, which policy insured her and Mr. Woodring as their interest in the property may appear. The question then arises as to the time

when this interest determination is to be made for the purpose of settling coverage.

Again the authorities are clear that a clause making a fire insurance policy payable to named insureds as their interest may appear refers to the interests existing *at the time of the loss* (5 Couch on Insurance, 2d, § 29:109).

The Guiding Principles, whose application here is urged by plaintiff, contemplate a situation where two or more policies cover the same property *and the same interest.* Contribution between insurers is to be had where there is "an area of common coverage under two or more policies and separate coverage under any one or more such policies" in which event "the policy or policies affording separate coverage shall respond first to that loss it alone covers and the remainder of its limit of liability shall contribute to the common loss on the basis of the Limit of Liability Rule." This voluntary allocation of risk between themselves by subscribing insurers is in accord with the general rule that a prerequisite to enforcing contribution between insurers is that their policies insure the same interest (see 46 C. J. S., Insurance, § 1207; 44 Am. Jur. 2d, Insurance § 1819; 16 Couch on Insurance, 2d, § 62:161).

It plainly appears from the face of defendant's policy that Mrs. Woodring insured whatever interest in the property she had. As already indicated, the parties have agreed that at the time of the loss she had a mortgagee interest in the property which exceeded the amount of the damage. Hence she was first in line and had the prior right to have the amount payable under the policy applied toward satisfaction of her claim. The amount due from defendant insurer was expressly limited by policy provision to the actual amount of the loss. Once this policy limit of liability was reached there was no further coverage. When defendant accepted proof of loss from Mrs. Woodring and paid her damage, its liability under its policy was satisfied. Its coverage was exhausted, leaving none for Mr. Woodring. Thus, at the time of the loss there was no area of common coverage and contribution was not in order. That defendant became subrogated to Mrs. Woodring's security rights upon its payment to her does not alter this result—the rights of the insured against the insurers and the rights of the insurers as to apportionment among themselves must be determined not by the adjustment of equities, but by the provisions of the contracts made (44 Am. Jur. 2d, Insurance, § 1813).

The trial court correctly denied contribution and its judgment is affirmed.

APPROVED BY THE COURT.