2 Kan. App. 2d 293 (1978)
578 P.2d 284
LIBERTY MUTUAL INSURANCE COMPANY, Appellee,
v.
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant.
No. 49,178
Court of Appeals of Kansas.
Opinion filed May 12, 1978.
J. Franklin Hummer of Gray, Freidberg, Davis & Unrein, of Topeka, for appellant.
J. Nick Badgerow of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellee.
Before PARKS, P.J., ABBOTT and MEYER, JJ.
MEYER, J.:
On January 1, 1973, Raymond Worrel contracted with Exhibitor's Film Delivery and Service Co., Inc. (EFD) to furnish EFD with six trucks and drivers. Worrel was to obtain liability insurance naming EFD as a co-insured for the term of the contract. Worrel requested an American Family Mutual Insurance Company (AFM) policy co-insuring EFD. Although AFM's exclusive agent assured Worrel that EFD was covered, the AFM policy issued to Worrel did not list EFD as a co-insured. AFM's home office did not know of the Worrel-EFD agreement, and no request had been made of that office to file a certificate of insurance with KCC. Worrel knew at the time he was operating under EFD's KCC permit.
Liberty Mutual Insurance Company (LM) issued a policy to EFD effective January 12, 1972, with limits of $250,000/500,000. Attached to this policy was a KCC-endorsed schedule pursuant to KCC regulations and K.S.A. 66-1,128, listing a pickup owned by Worrel. Also attached to the LM policy was a "Long Haul Truckmen" endorsement, which contained the following provision:

*294 "(d) With respect to any automobile of the commercial type while leased or loaned to any person or organization, other than the named insured, engaged in the business of transporting property by automobile for others, or any hired private passenger automobile, the insurance under this endorsement shall be excess insurance over any other valid and collectible insurance available to the insured. Otherwise, the insurance under this endorsement is primary insurance." [Emphasis added.]
Both policies listed the Worrel truck  AFM on its policy to Worrel, and LM on its policy to EFD.
On September 20, 1972, a collision occurred between an automobile driven by LeRoy Schoenfelder, in which Deborah Schoenfelder was a passenger, and the pickup truck insured by both insurance companies. This pickup truck was owned by Worrel and operated by Charles F. Drake, Worrel's employee. The pickup had EFD signs on it and was being used in the course of business for EFD under the Worrel-EFD contract.
Plaintiffs filed suit September 18, 1973, against EFD, Worrel, Drake and AFM. On March 27, 1974, plaintiffs amended their petition, substituting LM for AFM. AFM answered on behalf of EFD, Worrel and Drake. LM answered on its behalf only, and filed a third party petition against AFM.
Ultimately AFM settled with plaintiffs for $30,000.00 and then counterclaimed against LM for this amount plus $2,800.00 previously paid by AFM, plus costs and attorney fees.
AFM and LM filed motions for summary judgment, each claiming the other to be the primary insurance carrier. The district court sustained LM's motion: AFM appeals.
AFM lists the following as the issues to be decided on appeal:
"1. Whether the court erred in granting LM's motion for summary judgment on all issues after settlement of the plaintiffs' claims.
(a) Did the court err in finding AFM's policy was primary as to the general public when Worrel, AFM's insured, (1) had no KCC authority nor any policy filed with the KCC, (2) when Worrel was operating under EFD's authority, (3) EFD had secured and filed the LM policy with the KCC, (4) LM had the appropriate KCC endorsement added to its policy, and (5) when Worrel's truck was specifically insured and described on LM's policy?
(b) Did the court err in finding AFM could and should respond to the public under the holdings in Sterling v. Hartenstein, 185 Kan. 50, and Johnson v. Killion, 178 Kan. 154, regardless of the fact that Worrel had no KCC authority?
(c) Did the court err in finding that LM was a third-party beneficiary of the lease agreement between Worrel and EFD?

*295 "2. Whether the court erred in overruling AFM's motion for summary judgment.
(a) Was LM "legally responsible for the use of" the pick-up insured by AFM and LM as that phrase is used in AFM's policy?
(b) Do the facts that LM had issued its policy pursuant to K.S.A. 66-1,128 and had the required certificate filed with the KCC and the required endorsement to its policy make its coverage primary and impose the primary duty to defend?
(c) Did the court err in denying AFM's claim that the language in LM's policy, without reference to the KCC filing, made it primary?
(d) Did the court err in denying AFM's claim for contribution?
"3. Whether the court erred in denying the portions of AFM's motion to alter or amend the judgment as the suggested facts that were not adopted by the trial court were amply supported in the record and the finding of those facts should have resulted in a finding that LM had primary coverage.
"4. Whether the court erred in granting attorneys' fees and expenses to LM when a majority of the attorneys' fees and expenses were incurred in trying to extricate LM from the lawsuit and not in the defense of the plaintiffs' claims.
(a) Was there any statutory authority upon which the court could have awarded attorneys' fees and expenses to LM?
(b) Did LM have standing to recover attorneys' fees and expenses?"
Without attempting to answer each of appellant's numerous issues individually, we feel AFM places far too much stress on K.S.A. 66-1,128. The purpose of K.S.A. 66-1,128 is to protect the public from uninsured motor carriers. No operating permit is issued to a public motor carrier unless and until insurance protecting the public is obtained. Since AFM's exclusive agent promised coverage, AFM is bound thereby and thus was a primary insurer. See: Johnson v. Killion, 178 Kan. 154, 283 P.2d 433 (1955); Sterling v. Hartenstein, 185 Kan. 50, 341 P.2d 90 (1959); and Schneider v. Washington National Ins. Co., 200 Kan. 380, 437 P.2d 798 (1968).
On the other hand, the specific terms of LM's "Long Haul Truckmen" endorsement, the issuance of the LM policy pursuant to K.S.A. 66-1,128, and the filing of the LM certificate with the KCC, all served to make LM a primary insurer, as well.
Since both AFM and LM have primary liability, the effect is co-insurance covering the losses incurred.
In American States Ins. Co. v. Hartford Accident & Indemnity Co., 218 Kan. 563, 571-572, 545 P.2d 399, (1976), the court commented upon the claim of co-insurance between two competing insurance companies. In that case, the court noted:

*296 "The doctrine of equitable contribution has long been recognized by this court as a remedy available to one who is compelled to bear more than his fair share of a common burden or liability to recover from the others their ratable proportion of the amount paid by him. (Bituminous Casualty Corporation v. American Fire & Casualty Co., 192 Kan. 233, 387 P.2d 159.) It is a principle of equity applicable only where the situations of the parties are equal under a common liability or burden. (18 Am.Jur.2d, Contribution, § 1, p. 6.) Between insurers, it is generally a prerequisite to enforcing contribution that their policies insure the same interests. (New Hampshire Ins. Co. v. American Employers Ins. Co., 208 Kan. 532, 492 P.2d 1322; 16 Couch on Insurance 2d, § 62:161, p. 570.)"
We fail to find any statutory authority for an award of attorney fees in this case, for either party. In Kansas, attorney fees incurred by prevailing parties in an action are not chargeable as costs against the defeated party in the absence of clear and specific statutory provisions therefor. (Stover v. Johnnycake, 9 Kan. 367 [1872]; Vonachen v. Pratt Glass Co., 172 Kan. 545, 241 P.2d 775 [1952]; Walker v. Davis Van & Storage Co., 198 Kan. 452, 424 P.2d 473 [1967]; and Brewer v. Home-Stake Production Co., 200 Kan. 96, 434 P.2d 828 [1967].)
We hold that the AFM policy as it should have been written (including EFD as an insured) and the LM policy by virtue of its Long Haul Truckmen endorsement, insured the same interest. Both policies specifically and primarily insured the risk that the Worrel pickup, while in the course of EFD's business, might be involved in an accident. Consequently, the doctrine of equitable contribution applies to this case, and AFM and LM must share the liability incurred. We do not view AFM as a "volunteer" in going forward with settlement, especially in view of the fact that LM insisted that it do so.
The judgment of the trial court is reversed in part with instructions to enter judgment for $16,400.00 in favor of AFM and against LM, so that the outcome is such that both AFM and LM share the burden of the $32,800.00 paid by AFM to plaintiffs, equally. Attorney fees should be awarded to neither party.
Reversed in part; affirmed in part.